## JAMES SHERLOCK v. THE STATE.

Upon the trial of an indictment a charge to the jury that " the defendant must prove the fact of the *alibi* set up by him by a preponderance of evidence," is erroneous. Such an instruction deprives the defendant of any reasonable doubt his proofs may have created in the mind of the jury as to an essential ingredient of the state's case.

On error to the Hudson Quarter Sessions.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff in error, *William D. Daly.*

For the state, *Charles H. Winfield,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J. This writ of error brings up the record of a judgment in a criminal cause. A general exception to the charge of the court to the jury appears in a bill of exceptions (*Gen. Stat., p.* 1151, § 157), and the charge itself is certified by the court below under *Gen. Stat., p.* 1154, § 170.

By force of this procedure, this court must reverse the judgment below for any affirmative error in the charge that may have prejudiced the defendant in maintaining his defence upon the merits. *Gen. Stat., p.* 1138, § 89. The official history of the trial shows that the defendant sought to break the state's case by testimony tending to show that he was elsewhere at the time of the commission of the offence charged in the indictment. In common expression, " he set up an *alibi."* Upon this branch of the case, the judicial instruction to the jury took this form :

" In considering the proof offered to sustain the *alibi* interposed, gentlemen, it is essential that it should cover the whole time of the transaction in question, so as to render it impos-

sible that the defendant should have committed the act. It is not enough that it renders his guilt improbable merely."

In another part of the charge it is said : " He [defendant] must prove the fact of the *alibi* set up by him by a preponderance of evidence." These instructions are erroneous and rest upon a misconception of the nature and effect of the line of evidence offered. In a case where the presence of the defendant, at the commission of the crime, is essential to his conviction, the state must establish that fact beyond a reasonable doubt.

Testimony tending to break the force of the state's *prima facie* case by testimony that the defendant was "*alibi*," is not the offer of an affirmative issue advanced by the defence. It is merely showing a state of facts inconsistent with an essential element of the indictment. The jury may, notwithstanding such testimony, believe that the defendant was present as charged, or they may believe that he was absent, in which event he is said to have "proved his *alibi*." A third result may be that the defendant's testimony may create such a degree of uncertainty as to his whereabouts that the jury are not satisfied, beyond reasonable doubt, of his guilt of the crime for which he was indicted. The charge in the case before us deprived the defendant absolutely of the benefit of such reasonable doubt, and hence was prejudicial in the extreme.

I do not know that the question has been passed upon in any reported case in this state. In the case of insanity as a defence, the burden is shifted to the defendant upon the express ground that a presumption of sanity exists throughout the trial until overcome by proof from which the jury are satisfied to the contrary. The presence of the accused at the time and place of the criminal act is surely not to be presumed until he shall succeed in shaking off such suspicion. Even when drunkenness is set up to affect the degree of homicide, the defendant is entitled to the benefit of any reasonable doubt the jury may have as to his willful premeditation of murder. *Warner* v. *State*, 27 *Vroom* 686.

There are, it is true, decisions to the contrary to be found in some of the states, but none that overthrow or control the principles upon which our courts administer the criminal law. The *American and English Encyclopedia of Law* (2d ed., 1896), under the title "*Alibi*," contains a clear and correct statement of the doctrines upon this subject, with notes that bring the decided cases down to the present year.

Judgment is reversed.