JOHN M. BURNETT, PLAINTIFF IN ERROR, v. THE STATE
OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted July 12, 1898—Decided November 7, 1898.

1. The denial of a motion to direct an acquittal at the close of the state's
   case on the trial of an indictment, is not subject to review on error.
   *Quære.* At the close of the whole case? The subject of directing ver-
   dicts considered.
2. Upon the trial of an indictment for the fraudulent taking and convert-
   ing of money entrusted to an agent, it is legitimate for the defendant
   to prove that the fund was drawn and misappropriated without his
   knowledge or consent by another person to whose control he had sub-
   jected it.

On error to the Essex Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, LUD-
LOW and COLLINS.

For the plaintiff in error, *Frank E. Bradner.*

For the state, *Louis Hood,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J.   By the indictment in the record before us it
was presented that the defendant, "being the bailee, agent
and servant of Margaretta C. Campfield, and, as such, being
entrusted by her with the care of certain valuable property
of the said Margaretta C. Campfield, to wit, money of the
value of thirteen hundred dollars, did fraudulently and un-
lawfully take and convert the same to his own use, contrary
to the form of the statute in such case made and provided."
The statute intended is the supplement of March 10th, 1893,
to the Crimes act.   *Gen. Stat., p.* 1100, *pl.* 272 ; *Burnett* v.
*State,* 31 *Vroom* 255.   By the bills of exceptions it appears
that the proof at the trial was that the defendant was entrusted
by Mrs. Campfield, not with $1,300 of her money, but with

checks for $3,000, drawn to his order, upon the bank account of her husband. Thus, there was fatal variance between the proof and the allegation. At the close of the state's case the defendant's counsel moved for the direction of an acquittal, which motion was denied. We do not feel at liberty to consider the exception sealed upon such denial. I am not, indeed, prepared to approve the *dictum* in *Bindernagle* v. *State, Id.* 307, to the effect that error can never be assigned upon the refusal of a court, upon the trial of an indictment, to direct an acquittal. Where the " entire record of the proceedings had upon the trial " is certified under the act of 1894 (*Gen. Stat., p.* 1154, *pl.* 170), the right of the court of review to pass upon such refusal, even if only as a " denial of a matter of discretion " would seem clear. That statute was not invoked on this writ of error, but independently thereof I would not say that a strict exception is never permissible. The practice in that regard has not been settled in this state and varies in other jurisdictions.

In *Apgar* v. *Woolston,* 14 *Vroom* 57, 69, Mr. Justice Depue points out that if the public prosecutor will not with due diligence move the trial of an indictment, the court will, on motion of the defendant, set a day for trial, and at that time will order a jury to be called and sworn, and if then the prosecutor does not appear and proceed to trial, will direct an acquittal for want of evidence. It would seem that such a power would imply a duty to exercise it and a right to review in case of refusal. The same reason that compels a direction of acquittal where the state refuses to offer any proof applies where the proof offered is insufficient to warrant conviction. It has been argued with much learning that the power, at the trial, to direct an acquittal is advisory only (1 *Edm. Sel. Cas.* 453), but it does not follow that refusal to exercise even such a power in a proper case is not open to review. The subject is ably discussed by Chief Judge Church, and the appellate jurisdiction sustained by the New York Court of Appeals, in the case of *People* v. *Bennett,* 49 *N. Y.* 137. For the result there reached, there is abundant precedent elsewhere.   6

*Encycl. Pl. & Pr.* 690.   But in the case in hand the defendant, after the denial of his motion to direct an acquittal, proceeded to offer evidence and failed to renew his motion at the close of the whole case.   The effect of such a course in a criminal action has not been considered in any adjudged case that has come under my notice.   There are many decisions in civil causes to the effect that an exception to a refusal to direct a verdict in favor of a defendant, at the close of the plaintiff's case, is waived by proceeding with a defence.   *Id.* 700.   The force of such precedents is lessened in this state by the fact that many of them extend the doctrine to an exception to a refusal to nonsuit, while here, in such a case, all that is essential is that it shall be made to appear that the defect in proof was not remedied by the defendant's evidence. *May* v. *North Hudson County Railway Co.*, 20 *Vroom* 445.

There is, however, a substantial difference between a nonsuit and a direction of verdict.   Only the latter is conclusive of the controversy.   It seems to me that while a judge must pass upon a motion to nonsuit when the plaintiff has closed his case, he may, in his discretion, refuse to entertain a motion at that time to direct a verdict in favor of the defendant unless the defendant also closes on his part.   If the defendant is unwilling to close he should be content with a ruling on a motion to nonsuit.   If he moves to direct a verdict it should be assumed that he has no evidence, and permission to offer any after the motion is denied should be at discretion.   No nonsuit is possible in a criminal cause, and therefore, as it tends to expedition to consider as soon as possible an alleged failure of the prosecution, there seems no objection to the court's entertaining a motion to direct an acquittal at the close of the state's case, although a defence is reserved.   Such is the common practice.   As a matter of legal right, however, I am of opinion that, until the evidence is wholly closed, the defendant has no standing to make such a motion, and an exception to its denial is waived by proceeding with a defence. A new motion can be made at the close of the whole case. This was the course pursued in *People* v. *Bennett, ubi supra.*

Because it was not taken at the trial now under review, we will not give effect to the assignment of error in this court.

Another error, however, is available to the defendant and must work a reversal of his conviction. The fund of $3,000, for which he was given the bank checks by Mrs. Campfield, was, by her direction, to be applied by him in the purchase of land the title of which was to be taken in the name of a third person. He so applied only $1,700, and the controversy under the indictment was whether or not he had fraudulently taken and converted to his own use the residue of the fund.

The court below refused to admit evidence tending to show that such residue had, without the knowledge or consent of the defendant, been misappropriated by his son, with whom he was associated in the real estate business and who was authorized to draw against the special bank account of said business in which this fund had been deposited. The question is not very satisfactorily presented in the bills of exceptions, still we think that the defendant is entitled to assign error upon it in view of the distinct ruling of the court that proof of a misappropriation by an agent would not relieve the defendant under the statute. Civil liability was thereby confused with criminality. To warrant a conviction under a statute like that *sub judice* a fraudulent intent is essential. The excluded proof was legitimate on that subject and the defendant was entitled to have it considered by the jury.

Let the judgment be reversed.