THE STATE, DEFENDANT IN ERROR, v. WILLIAM MacQUEEN AND RUDOLPH GROSSMANN, PLAINTIFFS IN ERROR.

Submitted March 18, 1903—Decided June 8, 1903.

1. Where a general exception is taken to a charge, under section 140 of the Criminal Procedure act, any assignment of error thereon must, under section 141 of the act, set out "the portion of the charge" alleged to be erroneous.

2. An assignment of error in the following form: "Because the whole charge of the said court was contrary to law and injurious to the interests of the defendant," is not good. It alleges the parts of the charge which are unquestionably good to be as bad as the parts which may not state the correct legal principle. Such an assignment is not within section 141 of the act.

---

On error to the Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff in error, *Robert E. Van Hovenberg.*

For the defendant in error, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J. There are no assignments of error based upon the charge of the court in this case which this court is called upon to consider.

There was a general exception taken to the charge of the trial judge, but no portions of the charge have been pointed out as erroneous and error assigned thereon.

By sections 140 and 141 of the Criminal Procedure act it is enacted as follows:

"140. Upon the trial of any indictment it shall be lawful to take a general exception to the charge of the court to the jury, without specifying any particular ground or grounds for such exception, and without specifying what portions of said charge are excepted to, and it shall be the duty of the judge to settle a bill of such exception and to sign and seal the same, to the end that the same may be returned with a writ of error to the court having cognizance thereof.

"141. It shall be lawful where such a general exception has been taken to assign any error or errors of law upon any portion of the charge so excepted to." *Pamph. L.* 1898, *p.* 916.

It will be seen that upon a general exception to a charge it is made lawful to assign error on any portion of the charge so excepted to.

In this case the counsel of the defendant assign error on the charge only in this general way: *"Third.* Because the whole charge of the said court was contrary to law and injurious to the interests of the defendant."

Such an assignment is of no force and does not assign error "upon any portion of the charge so excepted to." It assigns error upon the whole charge, alleging it as a whole to be bad

and injurious to the defendant. An assignment of this kind is a mere conclusion, a mere statement of an alleged result, not a pointing out of any error complained of. We have, however, considered the charge of the court with care and find no error of law as therein stated.

The assignments of error as to alleged illegality in the admission of evidence are also improperly framed. They are too general and in no way refer to the evidence alleged to have been erroneously admitted, but notwithstanding this, we have considered them, and there is no error found to sustain the assignments either as made or as they should have been made.

The judgment of the Quarter Sessions is affirmed.