THE STATE OF NEW JERSEY, DEFENDANT IN ERROR v. LOUIS TAPACK, PLAINTIFF IN ERROR.

Submitted December 5, 1908—Decided May 6, 1909.

1. Upon the trial of an indictment a charge to the jury that the proof of an *alibi* must reasonably exclude the possibility of the defendant's presence, and that the defendant must satisfy the jury whether he was there or not at the time the alleged crime was committed, is erroneous; the rule being that if the testimony creates such a degree of uncertainty as to defendant's whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt, he is entitled to an acquittal.
2. Such erroneous instruction is not cured by general instructions as to reasonable doubt and burden of proof that correctly state the law on those subjects.

On error to Passaic Quarter Sessions.

Before Justices GARRISON, PARKER and VOORHEES.

For the plaintiff in error, *Ward & McGinnis.*

For the defendant in error, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. Richard Coyle and Louis Tapack were indicted by the grand jury of Passaic county jointly upon five counts; the first, for breaking and entering by night a certain silk mill named in the indictment; the second, for the same by day; the third, for entry without breaking; the fourth, for grand larceny of seven hundred pounds of raw silk, and the fifth, for receiving stolen goods. Coyle turned state's evidence and was the principal witness against Tapack, testifying that the latter had incited him to commit the crime in the mill where he was or had been employed, and that they two broke in and stole the silk, which Tapack subsequently took away to dispose of. The first count was withdrawn from the jury by the court, and the last one ignored, so that the general verdict of guilty which was rendered was predicated on the count for breaking and entering by day, the count for entering and the count for grand larceny. The conviction is now before us on writ of error without any certificate of the judge returning the entire proceedings under section 136 of the Criminal Procedure act of 1898, but on strict bill of exceptions with a general exception to the charge of the court, as permitted by section 140 of the same act, and specific assignments of error thereunder to the portions of the charge claimed to be erroneous, in accordance with the established practice. *State* v. *MacQueen,* 40 *Vroom* 476, 522.

The defence was an *alibi,* and it was only in the portion of the charge bearing on this defence that we find any injurious error, but on this account there must be a reversal. The court charged on this point:

"Tapack undertakes to prove what in law is called an *alibi*. Now, gentlemen of the jury, what is the legal proposition in regard to an *alibi?* The courts say that an *alibi* must be viewed with scrutiny, with care, and I think the language of one of the decisions is that it must be viewed with 'rigid scrutiny,' yet, of course, when it is made out it is quite sufficient to excuse and to acquit the defendant; but the courts say that you must look at it with care and caution, and the courts further say that the proof must reasonably exclude the possibility of the presence of the accused—reasonably exclude the possibility of his presence. So you see, gentlemen of the jury, it appears from this legal proposition as if the defendant should satisfy you as to time and place sufficiently in regard to this question of *alibi* whether or not he was there at the time when the robbery was committed."

And again, after a comment on the testimony:

"Now, gentlemen of the jury, you heard a number of witnesses produced on the part of the defendant, and you have a right to ask yourselves the question whether their testimony comes up to the requirements of that legal proposition, that the proof of an *alibi* should reasonably exclude the possibility of the defendant at the time and at the place."

In *Sherlock v. State,* 31 *Vroom* 31, it was held by this court to be erroneous to charge the jury that the defendant must prove his *alibi* by preponderance of evidence, and that if the testimony created such a degree of uncertainty as to defendant's whereabouts that the jury were not satisfied beyond a reasonable doubt of his guilt, he was entitled to an acquittal. This decision was approved and followed in the case already cited of *State v. MacQueen,* 40 *Id.* 522 (at *p.* 531). But the portions of the charge above quoted recognize no such right on the part of the defendant. They went at least as far as to require proof by preponderance of evidence of his absence from the scene of the crime, and we think the requirement that the proof must "reasonably exclude the possibility" of his presence called for even a greater degree of certainty in the minds of the jury. In any event, the instruction was clearly erroneous in view of the decisions just cited.

Under a general exception to the charge and the assignment of a portion thereof for error, it becomes the duty of the court of review to examine the whole charge to see if the error was prejudicial to the accused. *State* v. *Zdanowicz,* 40 *Vroom* 619, 625. Our examination of this charge as a whole leads us to the conclusion that the error in question was prejudicial and was not cured by anything contained in the rest of the charge. The court charged generally on the subject of reasonable doubt, but without specific application of the doctrine to the question of *alibi,* and, after concluding, said in reply to a request by defendant's attorney for a charge as to burden of proof, "the burden of proof is upon the state to prove all the essential facts necessary to constitute the crime and the burden continues from the beginning to the end and is never shifted." But even in view of these instructions it cannot be said that the jury must have regarded the previous instructions as to *alibi* as having been modified or withdrawn. The probability would seem to be that they paid heed rather to the specific instructions, which were erroneous, than to the general ones which were correct. The rule is well settled that an erroneous instruction followed or accompanied by a correct one is not cured by the latter unless it is also expressly withdrawn, as the jury is left at liberty to adopt either, and it cannot be said which one was in fact adopted. *Burnett* v. *State,* 31 *Vroom* 255; *State* v. *Fitzgerald,* 72 *Vt.* 142; 12 *Cyc.* 656, 657.

The judgment of conviction will therefore be reversed, and a *venire de novo* awarded.