THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. BERNARD SCHOOR, PLAINTIFF IN ERROR.

Submitted March 23, 1911—Decided June 16, 1911.

1. Where the entire record of the proceedings had upon the trial of a criminal cause has not been returned by the plaintiff in error with the writ, and the causes relied on for reversal have not been specified nor served upon the attorney-general or prosecutor of the pleas, as required by sections 136 and 137 of the Criminal Procedure act of 1898 (*Pamph. L., p.* 915), the plaintiff in error will be confined to the errors assigned.

2. The denial of a motion, made on the trial of an indictment, to direct an acquittal at the close of the state's case, and before the evidence is wholly closed, is not subject .to review on an ordinary writ of error.

On error to the Bergen County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and TRENCHARD.

For the plaintiff in error, *Reuben M. Hart.*

For the state, *Wendell J. Wright.*

The opinion of the court was delivered by

TRENCHARD, J.  This writ of error brings up for review the conviction of the defendant upon an indictment charging him with receiving stolen goods, knowing them to have been stolen. He sued out an ordinary writ of error, and the cause has been presented by a bill of exceptions.  The entire record of the proceedings had upon trial has not been returned with the writ, and the causes relied upon for reversal have not been specified nor served upon the attorney-general or prosecutor of the pleas, as required by sections 136 and 137 of the Criminal Procedure act of 1898.  *Pamph. L., p.* 915.  The defendant must therefore be confined to the errors assigned.  *State v. Labriola,* 46 *Vroom* 483.

The first assignment of error requiring consideration is that presenting an exception to the refusal of the trial judge to direct the acquittal of the defendant at the close of the state's case, made upon the grounds—*first,* that the court had no jurisdiction for the reason that the proofs showed the offence to have been committed in another county, and *second,* that there was no proof that the defendant knew. the goods were stolen.

But the error assigned cannot be considered as presented. This court has held that the denial of a motion, made on the trial of an indictment, to direct an acquittal at the close of the state's case, and before the evidence is wholly closed, is

not the subject of review on an ordinary writ of error. *Burnett* v. *State,* 33 *Vroom* 510. Moreover, Chancellor Magie, speaking for the Court of Errors and Appeals, in *State* v. *Jaggers,* 42 *Id.* 281, 283, referring to a like motion, said: "This motion was addressed to the discretion of the court, and the action of the court is not reviewable on error."

We are not called upon to consider the effect of a denial of such a motion at the close of the whole case, as no such motion was made after the defendant had put in his defence.

There being no other assignment of error to be considered, the judgment of the court below will be affirmed.