METROPOLITAN CONSTRUCTION COMPANY, DEFENDANT IN ERROR, v. FRANK BRAZOS, PLAINTIFF IN ERROR.

Argued March 17, 1911—Decided June 19, 1911.

1. Defendant, a contractor, was sued for moneys claimed to have been loaned by plaintiff. He claimed in defence that the moneys were payments in advance of the terms of a written contract under which he had been doing certain work for plaintiff, but according to the terms of a supplemental agreement whereby he was to receive payment for partial performance that would not have entitled him thereto under the written contract. This contract was never completed. *Held*, that defendant was not prejudiced by the exclusion of evidence to show why he did not complete it, in view of an instruction to the jury that if the payments were made to him on account of work done under the contracts there could be no recovery.

2. In cases where the simple refusal to charge a specific request would not be legal error, the court may nevertheless commit error by charging such request and modifying it or coupling it with a contradictory instruction.

On error to the Bergen Circuit.

For the plaintiff in error, *William I. Lewis.*

For the defendant in error, *William D. Edwards.*

The opinion of the court was delivered by

Parker, J. The defendant in error, plaintiff below, had a verdict and judgment against plaintiff in error for $2,082 and interest as for moneys loaned; and by this writ of error the defendant questions the propriety of the exclusion of certain evidence by the trial court and portions of the charge to the jury.

The declaration was on the common counts in *assumpsit,* with bill of particulars annexed, setting forth seven items of "cash loaned." Defendant pleaded general issue only. At the trial he admitted the receipt of the several items of cash mentioned in the bill of particulars, and that they had not been

repaid in whole or part, but claimed in defence that the items were not loans, but were advance payments on account of two working contracts that he had at the time with plaintiff, one in writing dated November 24th, 1902, being a sub-contract for construction work on the Boonton reservoir of the Jersey City water works, the existence and terms of which contract were conceded; and a subsequent oral arrangement supplementary to the written contract, under which, as defendant claimed, he was to be enabled to keep his teams at work over the winter by hauling material for his work to the place where it would be needed in the spring, and was to be paid a stipulated price therefor, chargeable against the payments to come due as the written contract was performed according to its terms. He further claimed that under these two contracts, or the second of them, he had earned the entire amount claimed in the declaration, though he had never completed the work under the written contract. The position taken by plaintiff was that while certain other moneys had been paid as advance payments on the written contract, the moneys claimed in the declaration were pure loans, and had nothing to do with any contract.

The court charged the jury that the question was whether the moneys were received by defendant "as advances, as loans, or whether they were received by him on account of work which he had performed under the contract of November 24th, 1902, or under some subsequent agreement. .* * * If these moneys were paid to the defendant on account of any work which he may have performed on account of this contract, then clearly that is the end of the plaintiff's case, because they then surely were not loans, but moneys which he was entitled to receive for work performed by him under this contract." He further charged that if the moneys were paid for work done under any subsequent agreement, the plaintiff could not recover; but that if the jury were satisfied by a preponderance of the evidence that the moneys were advanced as loans, the plaintiff should recover. Under this charge, which in this respect was fully as favorable to defendant as he could ask, the jury found for the plaintiff.

The exceptions to the court's exclusion of evidence as argued before us, are all directed to attempts by defendant to show that he did not complete the written contract because he was prevented from doing so by the wrongful act of plaintiff. But under the law of the case, as laid down by the charge, this exclusion of evidence, if erroneous, did not harm the defendant; for his claim that the moneys were advances on the contract and were afterwards earned by him, was disposed of in his favor by the court's saying that in such case he was entitled to them, but against him by the jury on the facts. The question which he says he was prevented from trying out, viz., whether he was prevented from completing the contract, was an issue quite irrelevant to this inquiry. It would have been relevant to a recoupment of damages, but none was filed and no such claim was made. To the suggestion that the contract was an entire one and that defendant might be liable to repay the moneys advanced if he left it unfinished, even though he had done work of equal value on account of the contract (*School Trustees* v. *Bennett*, 3 *Dutcher* 513), a sufficient answer is that the trial was not conducted or the jury charged on any such theory. It was not claimed by defendant that any part of the money advanced was unearned and that he was prevented from earning enough to satisfy this deficiency; so we are not required to pass on the competency of the evidence in that aspect. We find, therefore, that no injurious error was committed by the exclusion of this evidence.

The other question argued bears upon the instructions of the court as to the meaning of the word "advance" in receipts signed by defendant. There were seven items, the first three of which were not evidenced by receipts. The receipt for the fourth is for "an advance of $300." That for the fifth says: "Received from the Metropolitan Construction Co. $400 advanced on account of contract." That for the sixth: "Received June 13, 1903, from M. C. Co. $400 advanced to him." (Signed) "F. Brazos." Between these last two there was an estimate of three thousand cubic yards of filling at twenty-eight cents (the contract rate), and a receipt accordingly. On July 1st came another estimate and receipt therefor, adding:

"These payments are in accordance with work performed and are entirely independent of amount $1,964 advanced by this company." (Signed) "F. Brazos." Finally, on July 11th, defendant receipted for an "advance of $118."

As to these receipts the court charged as follows:

"Now, I need only call your attention to the language used in these receipts, to help you arrive at the proper conclusion as to how this matter was treated between the parties. The defendant signed these receipts. He can read and write and understand the English language. Each receipt is expressed very plainly 'money advanced.' Now, according to the general acceptation of the term 'advance,' it means money paid when it is not due; money paid out for which an equivalent or the money is expected to be returned; but it may be used in a broader sense, and may be advanced on account of services rendered. But you are to take these receipts and construe them according to the general acceptation of the term used in business phraseology between business men."

This language was excepted to, and error is assigned on the exception.

Granting that the papers were receipts, and as such open to explanation and even to contradiction (*Dorman* v. *Wilson,* 10 *Vroom* 474; *Joslin* v. *Giese,* 30 *Id.* 130; *N. J. Dig., col.* 5099), it was still the duty of the court to expound the meaning that they expressed on their face. That meaning, in the absence of evidence to show that the word "advance" was used in a special or technical sense, was correctly laid down by the court. The complaint is that the court did not rest on the ordinary meaning, but told the jury to give the word a special meaning, *i. e.,* that understood by business men, but we are clearly of opinion that the phrase "general acceptation of the term used in business phraseology between business men," meant and should fairly be understood as meaning no more than their plain and generally accepted meaning; for after all the word "advance" in documents of this character is a business word, and its ordinary meaning is its business meaning. So far, therefore, there was no error.

But the defendant still insists there was error in the action of the court on a request to charge submitted by his counsel. After completing the main charge, the court took up the defendant's requests, and after commenting on the first and second, read the third, as follows:

"*Third.* That the word 'advance' in the receipt is susceptible of other meaning than that of loan, and if you believe the evidence of the defendant, it should be construed as payment of a debt." The court then said: "I so charge you, gentlemen, and with the addition to that, as I said before, you are to construe this word in the general acceptation of the term as used between business men."

The request was clearly faulty as predicating the special meaning of the word "advance" on a general belief of the jury in defendant's evidence instead of on a concrete finding of a specified state of facts; and, consequently, it would not have been error in the court to reject it. In granting it, the court apparently acceded to what it understood as a suggestion that the jury under the special facts of the case, as claimed by defendant, might interpret the word as meaning either a payment on the main contract price, or ostensibly as an advance on the main contract price, but in reality as a payment for work performed under the supplemental arrangement, and which work was really so much accomplished on account of the written contract though not in such compliance with its terms as to entitle defendant to a payment thereunder. Defendant was without doubt entitled to such an instruction on presentation of a request in due form; and the action of the court in acceding to the request operated as a waiver of any defect in form. If the court had stopped with the words "I so charge you, gentlemen," defendant would have had no cause of complaint; but after conceding the correctness of defendant's request in principle by charging it, proceeded to deprive it of efficacy by repeating that the words must be understood as used between business men. This was more than the simple refusal of a request; it was either a denial of the principle suggested in the request, in which case the defendant was manifestly injured; or the charging of two contradictory

propositions as applicable to the same state of facts, in which case the jury were at liberty to adopt whichever principle they chose. Such an instruction is error. *Burnett* v. *State,* 31 *Vroom* 255; *State* v. *Tapack,* 49 *Id.* 208. For such error, the judgment must be reversed to the end that a *venire de novo* issue.

*For affirmance*—BERGEN, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PARKER, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 10.