### THE STATE v. JULIUS DIAMOND ET AL.

Argued November 11, 1912—Decided March 7, 1913.

1. It is injurious error for the trial court in a criminal case to charge in effect that an incriminating fact has been proved when such fact has neither testimony nor the color of testimony to support it; such a charge is not a comment upon testimony made for the benefit of the jury but an elimination of testimony from the consideration of the jury.

2. Upon the trial of an indictment a charge that deprives the defendant of the benefit of the reasonable doubt that may be engendered by the testimony given to establish an *alibi* is erroneous and is not cured by applying the correct rule to a part only of such testimony.

On error to the Bergen Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the plaintiffs in error, *Peter W. Stagg.*

For the defendant in error, *Wendell J. Wright,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J. Plaintiffs in error were convicted in the court below of grand larceny. The charge was that on the evening of March 18th they stole a black horse belonging to one Brewster. The evidence was circumstantial. The state called a witness named Geyer, who testified that on the morning of the 19th he saw two men driving a black horse. He identified the defendants as the two men but made no attempt to identify the horse.

In charging the jury the trial judge said: "If the description given by Mr. Brewster of his horse is such that, together with the description of the horse which Mr. Geyer said he saw on the morning of March 19th, it satisfies you beyond a rea-

sonable doubt that this is the horse which he saw and *identified* as the horse of Mr. Brewster, and that his identification of these two defendants satisfies you beyond a reasonable doubt that these are the two men he saw with that horse, then the defendants would be guilty as charged under the indictment."

This was injurious error for it told the jury that a directly incriminating fact had been established by the testimony of a witness who had given no such testimony. Geyer had not even pretended to identify the horse as Brewster's.

If the judge had submitted Geyer's testimony to the jury as a circumstantial corroboration of the state's case it would have been entirely proper.

If he had gone further and had told the jury that he believed that the black horse seen by Geyer was Brewster's horse, it would not have been legal error. Such a comment upon the weight of evidence however ill-founded is not error. *State v. Hummer,* 44 *Vroom* 714.

When, however, the judge told the jury in effect that Geyer had identified the horse as Brewster's, the jury knowing what Geyer had said on the witness stand were forced to the conclusion that such testimony was in law an identification of the stolen property.

This impression was added to by the further reference in the charge to the interest of Geyer "in the question of the identification of the horse." Such a statement by the court, viz., that a material fact has been proved is a very different thing from telling the jury the impression made by the testimony upon the mind of the judge or his comment thereon however erroneous it may be. The latter is avowedly an expression of opinion upon a matter that the jury are to decide, the former eliminates such matter as one that the jury in reaching its decision is to take as established.

It is injurious error therefore for the court in a criminal case to charge in effect that an incriminating fact has been proved when such fact has neither testimony nor the color of testimony to support it; such a charge instead of being a comment upon testimony made for the benefit of the jury is an elimination of testimony from the consideration of the jury.

In the case of *Smith and Bennett* v. *State,* 12 *Vroom* 370, it was held error for the trial judge to tell the jury that a material fact was in proof when it was not testified to upon any view of the evidence.

Like effect was given to a similar misdirection in a civil case in *Lindley* v. *O'Reilly,* 17 *Vroom* 352.

There was error also in the charge with respect to the *alibi* that was set up by the defendants and supported by their testimony and that of other witnesses. The general rule was not correctly laid down in accordance with the law as declared in *Sherlock* v. *State,* 31 *Vroom* 31; *State* v. *MacQueen,* 40 *Id.* 522; *State* v. *Tapack,* 49 *Id.* 208.

Standing alone the charge in this respect was erroneous in that it failed to give to the defendants the benefit of a reasonable doubt engendered by an unsuccessful endeavor to establish their *alibi* affirmatively. The charge as to reasonable doubt in this connection that immediately followed failed to cure this error for the reason that it was limited to the effect of the testimony of the defendants as tending to engender a reasonable doubt and did not extend to the other witnesses by whose testimony the *alibi* had been in part supported.

For these errors the judgment of the Bergen County Sessions is reversed and a *venire de novo* awarded.