## J. D. LOIZEAUX LUMBER COMPANY, RESPONDENT, v. LUKE O'REILLY, APPELLANT.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Winfield S. Angleman.*

For the respondent, *Edward P. Johnson.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff-respondent sued the defendant in the Somerset County Circuit Court, upon a book account, for the price of goods sold and delivered to the defendant.

The case was tried before Lawrence, C. C. J., and a jury, and the plaintiff had judgment. Defendant appeals, filing only one ground of appeal, as follows: "The court charged the jury: 'Gentlemen of the jury, first, as you have heard, the plaintiff company is seeking to recover of the defendant a sum of money representing the value of materials which it claims to have sold and delivered to the defendant, on the account which has been produced before you, and, I may say,

proven, as to the items and the amounts charged therefor.'"
And this is alleged to be reversible error.

This is not a case like that of *Collins* v. *Central Railroad Co. of N. J.*, 90 *N. J. L.* 593, where the court made an erroneous charge on a certain subject, and this court held that an erroneous instruction is not cured by a subsequent correct one, unless the illegal one is withdrawn.

It will be observed that here the judge only said that the items of the account, he might say, were proved. Even this, read by itself, does not amount to a binding instruction that the account was proved—only that it appeared to be. And it may well be that this alone was not reversible error. But that question it is unnecessary to decide, as another principle is controlling.

In *Redhing* v. *Central Railroad Co.*, 68 *N. J. L.* 641, this court held that although sentences in a charge may, if read apart from their connection, need some qualifications to render them accurate, yet if the qualification be given in the context so that the jury cannot reasonably be thought to have been misled by the charge taken in its entirety, there is no error. See, also, *Brown* v. *Spence*, 79 *Id.* 452; *State* v. *Timmerari*, 96 *Id.* 442, 445.

In the instant case the judge correctly charged the jury that the plaintiff carried the burden of satisfying them that the materials were sold and delivered, and that if it had so satisfied them, it would be entitled to pay for the costs thereof. In the face of this correct instruction, the charge that the book account might be said to be proven, read in connection with it, as it should be, made an harmonious whole. What the judge practically said was: "The prices at which the goods were charged on the books, I may say, were proven, but whether these goods were delivered, and whether defendant owes for them, is a question for you, the jury, to decide on the evidence."

Where the judge charges the jury incorrectly on a particular question involved, and later charges correctly on that same question, without withdrawing the incorrect charge, there is error; but where, as here, the question on which the judge charged must necessarily be read in connection with

other matter, then, when the two deliverances are read together, and they, thus read, correctly state the law, there is no error. Here the questions were, goods *sold* and *delivered.* These goods were the subject of a book account, and properly so. The questions were, "Was there an *account* of the goods," and "were they *delivered?*" Whatever the judge said on the question of the account must necessarily be considered with the other question, namely, were they delivered. The charge, so read, as already stated, was correct.

The defendant-appellant has selected a mere excerpt from the charge, but the whole charge, taken and considered all together, rightly instructed the jury on this issue of the case, and there should, therefore, be an affirmance.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 15.

*For reversal*—None.