## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GERARDO GUARINO, PLAINTIFF IN ERROR.

Submitted February 27, 1929—Decided October 14, 1929.

For the plaintiff in error, *J. Victor D'Aloia*.

For the defendant in error, *Orville V. Meslar,* prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff in error was indicted by the Morris county grand jury on three counts, the first charging him with · assault and battery, the second, atrocious assault and battery, and the third, assault and battery with intent to kill. The jury returned a verdict of guilty as charged, and the court sentenced the defendant thereon. From this judgment the plaintiff in error sued out a writ of error to the Supreme Court, which affirmed the judgment under review. The plaintiff in error then sued out a writ of error to this court, and assigns an appropriate error that the Supreme Court should not have affirmed, but reversed, the conviction. This brings before this court all of the errors alleged in the Supreme Court, which were nine in number (and also nine reasons for reversal, which were identical with the errors assigned), if the plaintiff in error elected to argue them here. *Burhans* v. *Paterson, 99 N. J. L.* 490. This case was submitted on briefs, and in the brief for the plaintiff in error it is stated that "the errors complained of (here) relate to the charge of the court on the subject of *alibi."* As they are the ·only errors urged before us that is all we have to consider. The following portions of the court's charge are those which are challenged by the plaintiff in error:

"If the cutting, the slashing, or stabbing was done by some other person, than the defendant, then you ask the question, whether or not you are satisfied from the evidence beyond a reasonable doubt, that the defendant was present, and aiding and abetting in the commission of the crime charged in the indictment? And after you have considered all of that evidence, and answered those questions, you will go further, and you will then take up the question of whether or not the defendant has satisfied you from the evidence he introduced that he was not present at the time and place charged by the state.

"The burden of proving the defendant's presence elsewhere than at the place and at the time charged in the indictment, is not upon the state, that is a defense which the defendant interposes, and his testimony, and all the testimony introduced on his behalf is put to you to say whether or not you believe it, because you are the sole judges.

"Now, if you believe from the evidence introduced in support of this *alibi* that the defendant was not present at the time and place charged by the state, then the defendant is said to have established his *alibi,* and you are the sole judges from all of the testimony so introduced, as to whether or not he has established to your satisfaction the proof that he was not present at the time and place charged in the indictment."

The state says that the plaintiff in error points out certain portions of the charge which place the burden of proof upon the defendant himself to establish his *alibi* beyond a reasonable doubt, and then itself points out certain portions of the charge favorable to the state, the principal one of which is as follows:

"The burden of so proving the defendant guilty rests upon the state throughout the whole case and never shifts. This rule is the ultimate one surviving all others, and it is an independent and final protection of the defendant, and notwithstanding all other presumptions and burdens, if any arise in this case, it remains upon the state until and after all the evidence is in, and then the jurors must consider upon all the evidence in the case, whether or not this burden has been sustained."

And the prosecutor further asserts that the charge must be read as a whole, and if on so reading it, it appears that the jury could not have been misled and the whole gives a correct statement of the law, the charge is sufficient. This, of course, depends upon what the charge is, and this court has spoken upon that subject. In *Birtwistle* v. *Public Service Railway Co.,* 94 *N. J. L.* 407, we said that whether the objectionable matter amounts to an expression in the charge which is to be interpreted by the context and the whole charge and is therefore not erroneous, or whether it is an

erroneous instruction not cured by the correct one unless the illegal one is withdrawn, is a question; citing *Redhing* v. *Central Railroad Co., 68 Id.* 641, on the first proposition, and *Collins* v. *Central Railroad Co., 90 Id.* 593, on the second. In the first, or Redhing case, we said (at *p.* 645) : "The next objection urged on behalf of the defendant is that the trial justice, in one clause of his charge to the jury, made the right of the plaintiff to cross the tracks depend upon his 'honest belief' instead of upon his 'reasonable belief.' But an examination of the whole charge shows that, by frequent expressions, the jury were instructed that it was incumbent on the plaintiff to 'exercise ordinary care,' to believe 'only with reason,' to act as a 'prudent man would,' to act as 'a man of ordinary prudence, judgment and discretion,' not to do 'anything negligent,' and that if he failed in this respect the verdict must be for the defendant. It is unreasonable to suppose that, with these numerous utterances sounding in their ears, the jurors could have been misled by a single expression which omitted the proper qualifications. They must have understood that an 'honest belief' meant such a belief as was stated in the charge generally, a belief having a reasonable basis. As was said by Mr. Justice Strong, in *Evanston* v. *Gunn, 99 U. S.* 660, 668, 'sentences may, it is true, be extracted from the charge which, if read apart from their connection, need qualification. But the qualifications were given in the context, and the jury could not possibly have been misled.' " And in the second, or Collins case, this court said that where the court incorrectly charged a rule of law bearing upon the subject under review, and subsequently charged the correct rule (assuming it did) it does not cure the trouble, for as Mr. Justice Parker said in *State* v. *Tapack,* 78 *N. J. L.* 208: "The rule is well settled that an erroneous instruction, followed or accompanied by the correct one, is not cured by the latter unless it is also expressly withdrawn, as the jury is left at liberty to adopt either." These cases were followed by others in this court. In *State* v. *Timmerari,* 96 *Id.* 442, we said: "If, in his charge to the jury the judge uses a word or phrase the very opposite of which he intends,

and his true intent and meaning are to be gleaned from the other parts of the charge, and if upon the whole charge the jury cannot reasonably be thought to have been misled, there is no error." In *J. D. Loizeaux Lumber Co.* v. *O'Reilly,* 104 *Id.* 510, we held that when a judge charges the jury incorrectly on the particular question involved, and later charged correctly on the same question without withdrawing the incorrect charge, there is error; but where the question on which the judge charged must necessarily be read in connection with other matter, then, when the two deliverances are read together and they, thus read, correctly state the law, there is no error. In *State* v. *Parks,* 96 *Id.* 360 (at *p.* 363), the Supreme Court had pointed out a harmful error but it was suggested for the state that other parts of the charge should be considered as curing any such error as had just been discussed. And that court said that at best that would merely make a case of contradictory instructions, and unless the erroneous instruction is withdrawn the error is not cured. In *Brown* v. *Public Service Railway Co.,* 98 *Id.* 747, this court held that where two distinct propositions are charged, one correct and the other erroneous, the jury cannot decide which is right, and there is consequently reversible error in the record. In *Kinder* v. *Erie Railroad Co.,* 103 *Id.* 316 (at *p.* 319), the Supreme Court remarked that it was urged by the respondent that conceding a certain erroneous instruction, appellant was not injured thereby, as the trial judge in other portions of his charge laid down the correct rule, and the court further observed that the instruction was doubtful, and it was given to the jury without a withdrawal of the precise duty previously imposed on the company, and, hence, left the jury to determine for itself which of the two standards it would accept, citing the Collins case.

So it will be seen that in these various cases the reviewing court always considers the particular matters charged, in accordance with the rule constantly laid down in the cases as the correct one, to ascertain whether the instructions are inconsistent, and, if so, the erroneous one should have been withdrawn, or whether, on the other hand, the whole charge

should have been read together, and the instructions are consistent one with another, on such reading and interpretation. And that is the test in this case.

Now, before deciding within which of these rules the case at bar comes, it will first be necessary to examine the law on the question of *alibi,* so as to see whether on the whole, harmonious or inconsistent instructions have been laid down.

In *State* v. *MacQueen,* 69 *N. J. L.* 522, the Supreme Court, speaking by Mr. Justice Pitney, said (at *p.* 531) : "As Mac-Queen admitted his presence, these requests were pertinent only to the case of Grossman. Both requests were refused, with comments that gave the jury to understand that while a defendant asserting an *alibi* was not bound to prove it beyond a reasonable doubt, he must establish it by a clear preponderance of evidence. The impression left upon the jury must have been that the evidence tending to show the absence of Grossman was to be disregarded, unless it outweighed that which tended to prove his presence at the scene of the riot. But whatever goes towards proving an *alibi* (although it falls short of establishing.it), at the same time tends to throw doubt upon the commission of the crime, where the presence of the defendant is essential to guilt. And if a reasonable doubt of guilt is raised, even by inconclusive evidence of an *alibi,* the defendant is entitled to the benefit of that doubt. *Sherlock* v. *State,* 31 *Vr.* 31. The same principle applies where a defendant introduces evidence tending to establish his good character, in order to show the improbability of his guilt. *Baker* v. *State,* 24 *Id.* 45. The instructions to the jury upon the question of *alibi* were erroneous."

In the later case of *State* v. *Parks,* 96 *N. J. L.* 360, the Supreme Court held that in a criminal case, where the personal presence of the defendant at the scene of the alleged crime is an essential of his guilt, and the defense of *alibi* is interposed, defendant is entitled to an acquittal if the testimony creates such a degree of uncertainty as to his whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt.

In *State* v. *Sahazian*, 98 *N. J. L.* 430, the Supreme Court, speaking by Mr. Justice Katzenbach, said (at *p.* 433) : "The proper instruction to be given by a trial judge on the question of *alibi* has been stated in this court recently by Mr. Justice Parker in the case of *State* v. *Parks*, 96 *Id.* 360, in these words: "The law is entirely settled in this state that where the presence of the defendant at the place of the alleged crime is an essential link in the chain of proof, such presence, like any other essential fact, must be established beyond a reaonable doubt. *Sherlock* v. *State*, 60 *Id.* 31. In that case it was said that upon the interposition of an *alibi* any one of three conclusions might be reached by the jury: (a) that defendant was present notwithstanding such evidence; (b) that he was absent, in which case he is said to have 'proved his *alibi*;' or (c) that the testimony may create such a degree of uncertainty as to his whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt of the crime in question; and that by putting the burden on him to prove his absence by preponderance of evidence, he is deprived of the benefit of that reasonable doubt.' "

Referring now to the charge delivered, it is to be observed that the trial judge said, in effect, that if the jury were satisfied from (all) the evidence beyond a reasonable doubt that the defendant was present, &c., then after they had considered all that evidence they would take up the question of whether the defendant had satisfied them from the evidence he introduced that he was not present. First the jury were told that if they should be satisfied from the evidence that the defendant was present beyond a reasonable doubt, they should then take up the question of whether he had satisfied them from the evidence he introduced that he was not present at the time and place charged by the state. The first instruction permitted the jury to find from all the evidence beyond a reasonable doubt the defendant's presence; and the second instruction was that the jury must be satisfied from the evidence defendant introduced that he was not present in order for him to have the benefit of the *alibi* he had set up as a defense. This was contradictory and erroneous, and

was never withdrawn. It could not but have misled the jury. The court charged that the burden of proving the defendant's presence elsewhere is not upon the state but is a defense and all the testimony introduced on the prisoner's behalf is put to the jury to say whether or not they believed it. This put the burden upon the defendant of producing evidence of an *alibi* which had to be believed by the jury, instead of an instruction to the effect that if that testimony alone created such a reasonable doubt in the minds of the jury as to his presence at the time and place of the crime, they should acquit him.

It is true, as claimed by the state, that the judge instructed the jury that the burden of proving the defendant guilty rests upon the state throughout and never shifts; that the rule is the ultimate one surviving all others and is an independent and final protection of the defendant, and notwithstanding all other presumptions and burdens it remains upon the state until and after all the evidence is in, and then the jurors must consider upon all the evidence in the case whether or not the burden has been sustained. This was a valid instruction, broad enough to include the *alibi;* but the error inhering in the charge is not withdrawn and it was left to the jury to choose which independent instruction they would adopt, whether the one favorable to the state, or the one favorable to the defendant. The instructions were inconsistent, and, as already remarked, the invalid charge was not withdrawn. It seems to us that it is only necessary to read the cases cited above on the question of inconsistent provisions in the charge where the incorrect instruction is necessarily to be read in connection with the whole charge in order to properly understand and interpret it, and the cases where the invalid instruction is not withdrawn, to show that there is error in the charge in the case at bar; and the cases on the subject of *alibi,* which clearly hold that the burden is never upon the defendant to establish an *alibi* beyond a reasonable doubt, but that if the testimony concerning it, in and of itself, raises only a reasonable doubt as to the presence of the defendant at the time and place of the crime the cause is not proved and the defendant is entitled to an acquittal.

Besides the excerpts from the charge set out in the briefs we have carefully examined the whole charge and reached the conclusion that the judgment of the Supreme Court sustaining the judgment of the Morris Quarter Sessions should be reversed, to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.