THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
BENJAMIN KAPLAN, PLAINTIFF IN ERROR.

Argued May 8, 1935—Decided August 21, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and
DONGES.

For the defendant in error, *Samuel P. Orlando*.

For the plaintiff in error, *Varbalow & Liberman* and *Sira-
cusa & Backer*.

BROGAN, CHIEF JUSTICE. The plaintiff in error was con-
victed in the Quarter Sessions Court of Camden County of
robbery and brings this writ of error, setting up five causes
for reversal. It is necessary for us to consider but one of
the assignments of error.

At the trial of the case the defendant below offered testi-
mony tending to prove an alibi.

At the close of the court's charge to the jury, which is not
challenged in any particular save the one to which present
reference shall be made, the prosecutor of the pleas made this
statement to the court: "The burden of proof, in cases where
an alibi is offered, rests upon the defendant of proving that
alibi," to which the court replied, addressing himself to the

jury, "Yes, I so charge you. With these instructions you may retire."

It is manifest from the quoted colloquy that the burden of proving the alibi was placed by the court's charge upon the defendant. This instruction constitutes reversible error. The state had the burden of showing, in the matter of a crime like the one for which the defendant was on trial, that he was present at the time the hold-up and robbery was committed. The defendant offered testimony that he was elsewhere at the time the crime was committed. This, like any other evidence, such as a denial of the fact of having participated in the crime, was a matter for the determination of the jury and did not relieve the state of the burden of proving beyond a reasonable doubt that the defendant was on the scene and did in fact commit the crime.

"Testimony tending to break the force of the state's *prima facie* case by testimony that the defendant was 'alibi,' is not the offer of an affirmative issue advanced by the defense. It is merely showing a state of facts inconsistent with an essential element of the indictment. The jury may, notwithstanding such testimony, believe that the defendant was present as charged, or they may believe that he was absent, in which event he is said to have 'proved his alibi.' A third result may be that the defendant's testimony may create such a degree of uncertainty as to his whereabouts that the jury are not satisfied, beyond reasonable doubt, of his guilt of the crime for which he was indicted. The charge in the case before us deprived the defendant absolutely of the benefit of such reasonable doubt, and hence was prejudicial in the extreme." *Sherlock* v. *State,* 60 *N. J. L.* 31 (at *p.* 32). Compare *State* v. *MacQueen,* 69 *Id.* 522; *State* v. *Sahazian,* 98 *Id.* 430.

The judgment is reversed.