47 N.J. Super. 235 (1957)
135 A.2d 543
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY E. WINES AND ANTHONY PALUMBO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1957.
Decided October 30, 1957.
*236 Before Judges CLAPP, JAYNE and HUGHES.
Mr. A. Donald McKenzie, Jr., and Mr. Bernard Warren Hehl, co-counsel, argued the cause for appellants.
Mr. Frank J.V. Gimino, Assistant Prosecutor, argued the cause for respondent (Mr. Frederick T. Law, Hudson County Prosecutor).
The opinion of the court was delivered by JAYNE, J.A.D.
Since common points for the reversal of the judgments of conviction were implicated in these appeals, they were argued in concert.
At the 1954 Term, the grand jury of the County of Hudson presented an indictment designated as No. 631 charging the defendants, Harry Wines and Anthony Palumbo, in the first count with the commission of armed robbery on April 20, 1955 in the Town of Guttenberg in violation of N.J.S. 2A:151-41 and 2A:141-1, and in the second count *237 with the commission on the same date and place of an assault upon the same person with the intent to rob, in disobedience of N.J.S. 2A:90-3 and 2A:141-1. At the trial held on November 4, 1955 in pursuance of the indictment, the jury resolved that both defendants were guilty of the offenses therein charged.
For their guilt of armed robbery each defendant was sentenced to imprisonment for the term of from 10 to 15 years; for the commission of assault, the defendant Wines was sentenced to serve a consecutive term of imprisonment of from 5 to 7 years, and the sentence of the defendant Palumbo for that alleged offense was suspended.
Oddly, one Part of this Division granted Wines leave to appeal in forma pauperis, and he forthwith filed his notice of appeal; a like petition presented by Palumbo to another Part was denied. The State challenges the right of the defendant Palumbo to prosecute his desired review in the absence of the requisite notice of appeal.
True, the defendant Palumbo has not filed a notice of appeal. It is recognized that his original petition for leave to appeal in forma pauperis tolled the time for filing the notice of appeal. R.R. 1:3-3(b). The denial of the prayer of the petition again started the clock. Some 16 days later, he applied for a rehearing of his petition. This untimely application did not operate to re-toll the period for appeal. R.R. 1:9-4; R.R. 2:9-2; R.R. 1:3-3(e). Thus, the time allowed for filing a notice of appeal [three months  R.R. 1:3-1 (a)] appears to have expired on or about September 25, 1956. Obviously R.R. 1:27B does not now avail.
A further circumstance must, however, be heeded. The defendant Palumbo, after his allotted time for appeal had passed, nevertheless acquainted the Supreme Court with the denials of his petition and sought from that tribunal leave to appeal from his conviction in forma pauperis.
The Supreme Court, evidently recognizing the correspondence in the grounds of appeal seemingly available alike to both Wines and Palumbo and the probably unintended discrimination *238 in the allowance to one and the denial to the other of the privilege of prosecuting an appeal in forma pauperis, remanded the case to us "for consideration and determination." We have accepted the implication that this Division should consider and determine the common appellate issues in their relation to the convictions of both defendants.
To that fair and just end and after a preliminary discussion of the subject with counsel, we, sua sponte, vacated the order of the Part denying Palumbo's petition for leave to appeal and extended to him the privilege therein requested. See, In re Katz, wherein a petition for certification was initially denied but subsequently reconsidered and granted, 19 N.J. 328 (1955); 21 N.J. 337 (1956); see, power to recall mandate, Yonadi v. Homestead Country Homes, Inc., 42 N.J. Super. 521 (App. Div. 1956). Consult, also, United States v. Ohio Power Co., 353 U.S. 98, 77 S.Ct. 652, 1 L.Ed.2d 683, 685 (1957). Our present review therefore encircles the convictions and sentences of both Wines and Palumbo.
It requires only a meager expenditure of words for us to announce our conclusion that the convictions of these defendants under the second count of the indictment accusing them of committing the additional crime of assault with intent to rob while armed are manifestly illegal. The record distinctly reveals that the robbery was the end result of the single occurrence, and that the alleged assault was an integral part of the principal offense of the robbery charged in the first count. The convictions of both defendants of assault under the second count are reversed. State v. Hill, 44 N.J. Super. 110 (App. Div. 1957).
We note that the County Court recalled the defendants and extinguished the sentences theretofore imposed upon them for the alleged assault, but it may be pertinent to mention that the procedure supplied by R.R. 3:7-13 provides for the correction of an illegal sentence, not for the annulment of the conviction. State v. Shelbrick, 33 N.J. Super. 7, 9 (App. Div. 1954); State v. Tyska, 12 N.J. Super. 159, 166 (Cty. Ct. 1951).
*239 Counsel assigned to aid the defendants in the prosecution of these appeals invite our attention to a cause for the reversal of the judgments of conviction on the first count of the indictment.
At the trial each defendant denied his participation in the robbery and declared his absence from the occurrence and scene of the crime. Each respectively produced witnesses whose testimony was corroborative. The defense was one of alibi which generated, however credible or incredible, a factual inquiry essential to the determination of their guilt or innocence.
Concerning the effectual and influential availability of such a defense, the trial judge delivered to the jury the following instruction:
"* * * Now when I say the State has to prove the defendants guilty beyond a reasonable doubt, the same legal burden is on the defendants when they set up the defense of alibi. They have to prove it; but you must take that into consideration with the main duty, which is to prove they were there and that they did it. But with respect to the defense of alibi it is the duty of the defendants to prove it by the greater weight of the believable testimony produced here. Therefore, with respect to the defense of alibi you are to take the evidence of the defendants and their witnesses and carefully consider it together with all the other evidence in the case, giving to all the evidence such weight and credence as you think it is entitled to. And if it creates in your minds uncertainty as to the whereabouts of the defendants at the time of the alleged commission of the crime, and you are not satisfied beyond a reasonable doubt of their guilt, you should give them the benefit of that reasonable doubt and acquit them."
The trial judge obviously slipped on the steps of law and logic. On the stairway of his instruction, he placed upon the defendants the burden of establishing their defenses of alibi by proof beyond a reasonable doubt, next by the greater weight of the credible testimony. And then follows the word "therefore." It is the immediate contexture of the word "therefore" that commands impressive significance in the juror's probable interpretation of the import of his succeeding pronouncement.
*240 It is to be logically inferred that the jurors caught the meaning of the word "therefore" in its ordinary acceptation as meaning "consequently" and "for those reasons previously stated." Webster's New International Dictionary (2d. ed.), p. 2621. And so the remarks of the court would in the context bear the purport that "If it (i.e., the proof of the alibi "beyond a reasonable doubt" or sustained "by the greater weight of the believable testimony") creates in your minds uncertainty as to the whereabouts of the defendants at the time of the alleged commission of the crime, and you are not satisfied beyond a reasonable doubt of their guilt, you should give them the benefit of that reasonable doubt and acquit them." An instruction is tested by the normal sense and significance of the language and is required to be certain and definite in its terms. Guzzi v. Jersey Central Power & Light Co., 12 N.J. 251, 259 (1953). The latter remarks of the court were not curative. The incorrect rules of law were not withdrawn but permitted to survive as a prefatory premise.
A glance at our decisions will display the manifest error in law of the court's instruction. Sherlock v. State, 60 N.J.L. 31 (Sup. Ct. 1897); State v. MacQueen, 69 N.J.L. 522 (Sup. Ct. 1903); State of New Jersey v. Tapack, 78 N.J.L. 208 (Sup. Ct. 1909); State v. De Geralmo, 83 N.J.L. 135 (Sup. Ct. 1912); State v. Diamond, 84 N.J.L. 17 (Sup. Ct. 1913); State v. Parks, 96 N.J.L. 360 (Sup. Ct. 1921); State v. Kaplan, 115 N.J.L. 374 (Sup. Ct. 1935). The decision in State v. Guarino, 105 N.J.L. 549 (E. & A. 1929), is particularly pertinent and informative.
Here, the instructions that the defendants incurred the obligation of proving their averments of alibi beyond a reasonable doubt and by the greater weight of the believable evidence were not only illogically discordant, but both were erroneous. Cf. J.D. Loizeaux Lumber Co. v. O'Reilly, 104 N.J.L. 510 (E. & A. 1928). We are persuaded that the quoted passages of the court's charge were in any aspect plainly erroneous and such as to be fundamentally influential *241 in misdirecting the jury's consideration of the defense of alibi.
The judgments of conviction here under review are reversed.