STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CLAR-ENCE BUTLER, PLAINTIFF IN ERROR.

Argued February 4, 1930—Decided May 19, 1930.

For the plaintiff in error, *William A. Hegarty.*

For the defendant in error, *Orville V. Meslar,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The defendant below was indicted for carnal abuse, the indictment, framed under section 115 of the Crimes act (*Comp. Stat., p.* 1783), charging that he did assault and unlawfully and carnally abuse a woman child "under the age of twelve years." On trial in the Morris Quarter Sessions he was convicted of carnal abuse on a woman child "over twelve years and under sixteen years of age," and on writ of error the judgment entered upon such conviction was affirmed by the Supreme Court.

One question raised in the Supreme Court was whether, on such an indictment, such a judgment could be sustained, and that question is presented here. We think it cannot be sustained.

Section 115 of the Crimes act provides (among other things) that "any person * * * who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman child under the age of twelve years, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding $5,000, or imprisonment at hard labor not exceeding thirty years, or both, or who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman child over the age of twelve years and under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding $2,000 dollars, or imprisonment at hard labor not exceeding fifteen years, or both."

Of the crimes thus defined, the first, namely, carnal abuse committed by a male over sixteen years of age, on *a woman child under the age of twelve years,* is the offense, and the only offense, charged in the indictment in the present case; the second and lesser crime defined in the statute, namely, carnal abuse committed by a male over sixteen years of age *on a woman child over the age of twelve and under the age of sixteen,* is the offense of which the defendant was convicted, the jury having been instructed by the judge that they might convict of that crime if they found from the conflicting evidence that the girl was over twelve years of age.

Certainly such instruction was erroneous.

The rule is that one indicted for a crime may be convicted of any offense of a lower degree, if, and only if, such lower offense is necessarily included in the higher one charged in the indictment. *State* v. *Staw,* 97 *N. J. L.* 349; *State* v. *McDonald,* 89 *Id.* 421; *affirmed,* 91 *Id.* 233; *State* v. *Thomas,* 65 *Id.* 598. Accordingly in *State* v. *Jackson, Ibid.* 105, the defendant was convicted of assault and battery under an indictment for carnal abuse and the conviction was sustained. And in *State* v. *Johnson,* 30 *Id.* 185, the defendant was convicted of an assault under an indictment for rape, and the conviction was sustained. Both the Jackson case and the Johnson case are in harmony with the rule stated in *State* v. *Thomas, supra,* that one "cannot be legally convicted of any offense which is not distinctly set forth in the indictment," but that "a party indicted for a crime may be convicted of any offense of a lower grade, provided such lower offense is included within the description in the indictment."

Now, in the instant case it is plain that the offense of which the defendant was convicted is not included in the crime charged in the indictment. The age of the girl is an essential element of the offense in either case, and must be alleged and proved. A necessary ingredient of the offense of which defendant was convicted is that the girl must be over twelve and under sixteen years of age. A necessary ingredient of the crime charged in the indictment is that the girl must be under twelve years of age. It is quite apparent that these allegations are inconsistent with each other. Of course an allegation that a female is under twelve years of age does not include within its scope an allegation that such female is over twelve and under sixteen years of age.

For the reasons stated the judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

*For affirmance*—THE CHANCELLOR, CAMPBELL, LLOYD, HETFIELD, DEAR, JJ. 5.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, CASE, VAN BUSKIRK, McGLENNON, KAYS, JJ. 6.