**STATE of Maine**

**v.**

**Richard E. LEEMAN.**

Supreme Judicial Court of Maine.

June 8, 1972.

Alan C. Pease, County Atty., Wiscasset, for plaintiff.

Daniel G. Lilley, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

This is an appeal from a jury verdict finding the Defendant guilty of Death Caused by Violation of Law (29 M.R.S.A. § 1316). The indictment charged Reckless Homicide (29 M.R.S.A. § 1315). The Presiding Justice had instructed the jury that the offense of Death caused by Violation of Law was a lesser offense necessarily included within the greater offense of Reckless Homicide and the sole issue raised

by the Defendant is whether this instruction was error.

The indictment read:

"That on or about the twenty-first day of December, 1969, in the town of Boothbay Harbor, County of Lincoln and State of Maine, the above named defendant, Richard E. Leeman, operated a motor vehicle with reckless disregard for the safety of others, in that said defendant operated said motor vehicle at an excessive rate of speed taking into consideration the nature of the road the immediate neighborhood and the speed limit signs, and, at the junction of Route #27 and Lakeside Drive and McKown Point Road, in said Boothbay Harbor, did operate said motor vehicle on Route #27 in the direction of the Town of Southport, and at said intersection did operate said motor vehicle across the center line of said highway into the lane provided for oncoming traffic, and there crashed into a motor vehicle being operated on Route #27 towards Boothbay Harbor and driven by One Marguerite J. Karlstrom, and thereby caused the death of Bard Karlstrom, who was a passenger in the motor vehicle driven by Marguerite J. Karlstrom, within one year."

■ The principle that a charge of a lesser offense may be included in an indictment for a greater offense has long been recognized in the decisional law of this State. State v. Waters, 39 Me. 54

(1854); Carson, Petitioner, 141 Me. 132, 39 A.2d 756 (1944); State v. Barnette, 158 Me. 117, 119, 179 A.2d 800, 801 (1962); Wilson v. State, Me., 268 A.2d 484 (1970).

The Maine Legislature long ago saw fit to adopt, and still retains, the principle of this common law rule. 15 M.R.S.A. § 6 reads:

"When a person, indicted for an offense, is acquitted of a part by verdict of the jury and found guilty of the residue thereof, such verdict may be received and recorded by the court. He may be considered as convicted of the offense, if any, which is substantially charged by such residue, and be punished accordingly, although such offense would not otherwise be within the jurisdiction of said court."

M.R.Crim.P., Rule 31(c) reads in part:

"The defendant may be found guilty of an offense necessarily included in the offense charged . . ."

■ While contrary authority is found in the decisions from several jurisdictions,[1] the general rule of law permits a conviction of a lesser offense than that charged only if the lesser, as legally defined, is *necessarily* a constituent part of the greater, as legally defined.[2] This legal principle is operative even though the indictment for the greater does not include a specific allegation of the lesser, as in a conviction for assault upon an indictment charging rape.[3] We are satisfied that our own de-

---

1. It is held in California that the legal definition of the crime is not the exclusive measure of included offenses but that a conviction of a lesser offense is valid if its elements are necessarily included in the elements of the greater *or* if the indictment charges the greater in language which also sets forth the elements of the lesser even though its elements are not necessarily included in the elements of the greater crime. In People v. Marshall, 48 Cal.2d 394, 309 P.2d 456 (1957) the indictment charged the defendant with robbery and alleged that the property taken was an automobile. The Court upheld the convic-

tion of the defendant of a lesser statutory offense which prohibits the *unlawful taking of the automobile of another*, even though the lesser offense included an element—that the property stolen should be an *automobile*—which is not required in the greater. See also People v. Miller, 143 App.Div. 251, 128 N.Y.S. 549 (1911).

2. State v. Butler, 107 N.J.L. 91, 150 A. 394 (1930); People v. Simpson, 5 Mich. App. 479, 146 N.W.2d 828 (1966); State v. Lagerquist, 152 Mont. 21, 445 P.2d 910 (1968); Sandoval v. People, Colo., 490 P.2d 1298 (1971).

3. Wilson v. State, supra.

cisions have followed the majority view which our own Rule 31(c) has adopted[4] and that it is the better reasoned rule. The test of whether or not a lesser offense is "necessarily included" in a greater is clearly and concisely expressed by Professor Orfield in his comment on Federal Criminal Rule 31(c), the language of which was adopted in our own Rule 31(c).

"To be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without having committed the lesser."[5]

The two offenses which are involved in the case at bar are both statutory offenses.

The Reckless Homicide statute, 29 M.R.S.A. § 1315, states that

"Any person who operates a vehicle with reckless disregard for the safety of others and thereby causes the death of another person, when the death of such person results within one year, shall be guilty of the offense of reckless homicide. . . ."

Title 29 M.R.S.A. § 1316, governing the law of Death Caused by Violation of Law, provides that

"Any person who operates a motor vehicle in violation of law, other than a violation of section 1315, and said violation is the proximate cause of the death of another person, when the death of such person results within one year, shall be guilty of a criminal offense. . . ."

It will be seen that the offense of Death by Violation of Law is based upon the violation of another, unspecified statute. Because of the unique nature of section 1316 we cannot ascertain the legal elements which make up the offense of Death by Violation of Law until we know from the indictment which violation of the many motor vehicle laws the State alleges to have resulted in death.

The following comment by Professor Wharton seems to point up the singular nature of the present charge:

"If the greater of the two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; *but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense*, the lesser is not necessarily included in the greater."[6] (Emphasis added.)

This same thought is expressed by the Circuit Court of Appeals for the First Circuit in Waker v. United States, (1st Cir., 1965) 344 F.2d 795:

"The lesser offense must not require some additional element not needed to constitute the greater offense."

Our legislative scheme for promoting highway safety includes many statutes concerned with the operation of motor vehicles. One of these statutes, 29 M.R.S.A. § 1314, reads:

"No person shall drive any vehicle upon a way in such a manner as to endanger any person or property."

▪ It appears logically necessary that every reckless operation of a motor vehicle which results in a person's death under such circumstances as to constitute a violation of section 1315 (Reckless Homicide) must have been of such a nature as to have endangered, earlier, the safety of the victim. To state this reasoning in other words, the offense of Reckless Homicide appears to consist of the offense of Death Caused by Violation of the statute prohib-

---

4. See commentary by Justice, then Professor, Glassman. Glassman, Maine Practice, § 31.3.

5. Orfield, Criminal Procedure under the Federal Rules, Vol. 5, § 31:12.

6. Anderson, Wharton's Criminal Law and Procedure, 12th Ed., 1957, Vol. 4 § 1888.

iting the operation of a motor vehicle so as to endanger—plus the element of recklessness. Therefore, considering the issue in the abstract, we may say that under our statutes Reckless Homicide *potentially* does include Death Caused by Violation—that is, it includes it *if* the specific violation alleged is Driving so as to Endanger.

However, it appears doubtful that the violation of any of the other presently existing statutes would form the basis of a Death Caused by Violation charge which would *necessarily* be included in the charge of Reckless Homicide. For example, a charge of Reckless Homicide does not necessarily rest upon proof that a defendant drove to the left at an intersection or even proof that a defendant was violating the statute prohibiting excessive speed—it might rest entirely on proof of some other particular dangerous conduct.

Here, the State has chosen to claim conduct which it argues alleges violation of the statutes forbidding excessive speed and driving to the left at intersections. Following the course of reasoning we have been discussing, we hold that the charge of a violation of section 1316 *as here alleged* is not necessarily included in the charge of violation of section 1315.[7]

The Justice's instruction to the jury on this point of law was error.

Although our decision on the sole issue presented to us necessitates a reversal of the jury verdict, we feel that we should make two additional comments concerning the indictment. The first is that the language chosen by the State to allege excessive speed and driving to the left at an intersection may be insufficient to allege violations of 29 M.R.S.A. § 1252(1) and § 1152(2). The other is that while 29 M.R.S.A. § 1316 is not a necessarily included lesser offense of section 1315 violation of both sections may be charged in separate counts of the same indictment. M.R.Crim.P., Rule 8(a).

Appeal sustained.

All Justices concurring.

---

7. As we have indicated, we say "as here alleged" because in the case of the unique statute we are considering, the elements of section 1316 can be determined only by ascertaining from the indictment *which* motor vehicle statute the State alleges was violated with resultant death.