Charles T. BESSEY

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Nov. 22, 1972.

**374**

Caroline Glassman, Portland, for plaintiff.

Chadbourne H. Smith, Fernand LaRochelle, Asst. Attys. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

The matter now before us was originated by a petition for writ of habeas corpus (post-conviction), pursuant to 14 M.R.S.A. 5501 et seq.

In due course the petition was assigned to a single Justice of the Supreme Judicial Court sitting in the Superior Court who thereupon ordered the action to be reported to the Law Court by agreement of the parties made agreeably to Maine Rules of Civil Procedure 72(a), that this Court might "render such decision as the rights of the parties require."

The agreement for report stipulates that the report to this Court is "for final decision by that Court of the following questions:

"1. Do the indictments, hereinabove referred to, so obviously fail to charge assault with intent to kill that they, by no reasonable construction, could be said to charge the offense of assault with intent to kill?

"2. Is assault with intent to kill a necessarily lesser included offense within the scope of the indictments hereinabove referred to and made a part of the record?

We glean from the record that the petitioner was charged by two indictments, identical in form, with having committed the crime of unlawful homicide in such circumstances as to be punishable as murder, (in Kennebec Docket #4099 of Mildred Eddy and in Kennebec Docket #4100 of Russell M. Choate.)[1]

The petitioner (then defendant) was arraigned on the indictment charging that he "unlawfully and with malice aforethought killed Mildred Eddy" and a plea of not guilty was entered.

Thereafter the case went to trial before a jury and a verdict of guilty of assault with intent to kill was returned. A sentence of imprisonment in the Maine State Prison for not less than four and one-half years and not more than ten years resulted. No appeal was ever perfected.[2]

In the case in which the indictment alleged he "unlawfully and with malice aforethought killed Russell M. Choate" (Kennebec Docket #4100), the State, according to the docket entry, moved:

" . . . to Dismiss the Indictment except as to the included offense of assault with intent to kill . . ."

---

I. The two indictments read verbatim as follows:

(1) On or about the 30th day of July 1969, at Waterville, in the County or (sic) Kennebec, State of Maine, Charles T. Bessey unlawfully and with malice aforethought killed Mildred Eddy.

(2) On or about the 30th day of July, 1969, at Waterville, in the County of Kennebec, State of Maine, Charles T. Bessey unlawfully and with malice aforethought killed Russell M. Choate.

2. Notice of appeal was filed. The defendant withdrew the appeal before entering into execution of the sentence.

The motion was granted and on the same day the docket entry reveals:

> "Defendant arraigned as to amended motion to the lower charge and enters a plea of Nolo Contendere. Court accepts plea." [3]

The habeas corpus petition is premised on the claim that assault with intent to kill is not a lesser included offense in the crime of unlawful homicide with malice aforethought punishable as murder, and the petitioner, therefore, was convicted of a crime for which he was never indicted. The petitioner likewise argues that the plea of Nolo Contendere, which he entered, was to a charge for which he had not been formally indicted, to wit: Assault with intent to kill.

This Court recently took occasion to discuss in detail the meaning of 15 M.R.S.A. 6 which provides:

> "When a person, indicted for an offense, is acquitted of a part by verdict of the jury and found guilty of the residue thereof, such verdict may be received and recorded by the court. He may be considered as convicted of the offense, if any, which is substantially charged by such residue, and be punished accordingly, although such offense would not otherwise be within the jurisdiction of said court."

And that part of Maine Criminal Procedure Rule 31(c) which reads:

> "The defendant may be found guilty of an offense necessarily included in the offense charged . . . ."

State v. Leeman, Me., 291 A.2d 709, 710 (1972).

In *Leeman,* supra, we quoted with approval from *Anderson,* Wharton's Criminal Law and Procedure, 12th Ed., 1957, Vol. 4 § 1888, as follows:

> "'If the greater of the two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.'"

We also cited Waker v. United States, 344 F.2d 795 (1st Cir., 1965), where it is said:

> "The lesser offense must not require some additional element not needed to constitute the greater offense."

It becomes necessary at this point to determine what elements are essential to constitute "murder" and what elements are necessary to constitute the crime of assault with intent to kill.

In order to establish the crime of unlawful homicide punishable as "murder", it is not necessary for the State to prove that respondent had a specific intent to kill. State v. Turmel, 148 Me. 1, 88 A.2d 367 (1952).

In other words, it is never necessary for the State to prove the existence of the subjective state of mind, i. e., that there was a specific intention to kill, in order to warrant a conviction for "murder."

While an actual subjective design or intention to kill is often present in many murders, there is also a large class of cases in which subjective intention to kill clearly does not exist.

■ In those cases of unlawful homicide where general malice is present the crime is punishable as murder. Stated another way, since malice may be either express or implied, a person may be guilty of "murder" although there was no actual or specific intent to kill, general malice being sufficient without such specific intent.

---

3. We interpret this docket entry to mean that the defendant entered a plea of "*Nolo Contendere*" to a charge of assault with intent to kill. This offense was obviously considered by the State and by the Court as a lesser included offense in the crime of unlawful homicide punishable as murder.

State v. Turmel, supra. See also Commonwealth v. Campbell, 352 Mass. 387, 226 N. E.2d 211 (1967).

■ Assault with intent to kill is a crime in which specific intent, i. e., subjective state of mind of intent or design is necessary to be proved beyond a reasonable doubt before conviction can be had. See State v. Neal, 37 Me. 468 (1854). See also State v. Wilbur, Me., 278 A.2d 139, 144, n. 4 (1971).

■ It necessarily follows that a conviction for assault with intent to kill can never be had in any case in which the State fails to allege and prove beyond a reasonable doubt that there was *specific* intent to kill. Since specific intent to kill is not necessarily a constituent element of the crime of unlawful homicide punishable as "murder" and is necessarily a constituent element of the crime of assault with intent to kill, the crime of assault with intent to kill cannot be considered a lesser included offense of "murder" as the phrase, a lesser included offense, was interpreted by this Court in State v. Leeman, supra.

It likewise follows that an indictment in statutory form (15 M.R.S.A. 751) cannot be considered as sufficient to charge a defendant with having committed the crime of assault with intent to murder or kill. (17 M.R.S.A. 2656)

■ We must and do then conclude that the indictment, upon which he was found guilty by the jury and upon the basis of which he was sentenced, is not legally sufficient to charge him with having committed the crime of which he was found guilty, i. e., assault with intent to kill.

■ So also must we rule, and we do, that the indictment to which he entered a plea of Nolo Contendere, upon the basis of which he was sentenced for assault with intent to kill, is likewise legally insufficient to serve as foundation upon which the validity of this sentence can rest.

■ In the case in which the petitioner was charged with having "with malice aforethought killed Mildred Eddy" (Kennebec Docket #4099), the presiding Justice at the trial obviously treated assault with intent to kill as an offense included within the language charging "murder" in the indictment.

The petitioner was then exposed to a conviction by jury verdict of the crime of unlawful homicide, in degree either murder or manslaughter. By returning the verdict they did, i. e., assault with intent to kill, the jurors impliedly found the petitioner not guilty of both murder and manslaughter. An *implied acquittal of this nature is a bar to retrial for either "murder" or "manslaughter."* Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

We also note the jury was dismissed without ever having returned an express verdict that the defendant was either guilty or innocent of murder or manslaughter.

That the jury was dismissed without the petitioner's consent is unquestioned. There was no manifest necessity for withdrawal of the jury. State v. Slorah, 118 Me. 203, 106 A. 768 (1919). See also State v. Sanborn, 157 Me. 424, 173 A.2d 854 (1961).

Maine Rules of Criminal Procedure, Rule 48(a), provides:

> "The attorney for the State may with written leave of the court file a written dismissal of an indictment, information or complaint, setting forth the reasons for the dismissal and the prosecution shall thereupon terminate."

In Wilson v. State, Me., 268 A.2d 484 (1970), this Court held that

> " . . . the statutory dismissal replaces the common law procedure of *nolle prosequi."*

And that

> " . . . the authority to nolle prosequi included the authority in proper situations to terminate a part of the State's charge leaving a lesser charge remaining to be prosecuted."

A dismissal may not be filed during the trial without the consent of the defendant. By filing the dismissal of "the indictment except as to the included offense of assault with intent to kill" the State effectively announced and the Court approved the declaration "on the part of the prosecuting officer that he will not at that time prosecute the suit further." State v. Kopelow, 126 Me. 384, 386, 138 A. 625, 626 (1927).

Thus, the pending indictment charging unlawful homicide punishable either as murder or manslaughter was effectively destroyed and cannot be hereafter revived.[4]

It follows then that the entry must be,

Petition for writ of habeas corpus (post-conviction) sustained.

Petitioner ordered enlarged forthwith.

All Justices concurring.

---

4. We do not here decide whether if he was reindicted by the Grand Jury by an indictment in form exactly as that which the State sought to dismiss, he could successfully plead *autrefois acquit* in bar. See State v. Kopelow, *supra*. Suffice it to say that the record purports to show that he was convicted of assault with intent to kill by a plea of Nolo Contendere, though he has never been charged by indictment sufficient in its allegations to serve as legal basis for entering judgment on the guilty plea.