Kenneth NEWELL

v.

STATE of Maine

and

Richard M. Oliver, Warden.

Supreme Judicial Court of Maine.

March 16, 1977.

Winchell & Buckley by David J. Leen, Bangor, for plaintiff.

Charles K. Leadbetter, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

On April 25, 1974, the petitioner entered pleas of guilty to informations charging him with assault and battery, high and aggravated (17 M.R.S.A. § 201), and with robbery (17 M.R.S.A. § 3401), and received appropriate sentences to the Maine State Prison. He later filed a petition seeking post conviction relief which was submitted to a single Justice on an agreed statement of facts. The Justice denied the petition and we issued a certificate of probable cause permitting the petitioner to proceed with this appeal. 14 M.R.S.A. § 5508.

We deny the appeal.

The petitioner contends that his convictions of assault and battery, and robbery, are violative of both the Federal and State constitutional prohibitions against double jeopardy because both offenses arose from the "same incident and same occurrence." Essentially, the petitioner argues that since the assault and battery occurred during the course of the robbery and was an integral part thereof, he cannot, constitutionally, be convicted of both crimes.

The Fifth Amendment to the United States Constitution provides, in pertinent part:

"No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ."[1]

■ It has long been established in this state that the same facts may constitute a violation of several criminal statutes, and that each offense may be punished separately. *See State v. Thayer*, 281 A.2d 315, 318 (Me.1971); *State v. Lindsey*, 254 A.2d 601, 603 (Me.1969); *State v. Barnette*, 158 Me. 117, 120, 179 A.2d 800, 801 (1962); *State v. Lawrence*, 146 Me. 360, 362, 82 A.2d 90, 92 (1951); *State v. Farnham*, 119 Me. 541, 545, 112 A. 258, 259–60 (1921); *State v. Jellison*, 104 Me. 281, 284, 71 A. 716, 718 (1908); *State v. Inness*, 53 Me. 536, 537 (1866).

■ In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the Supreme Court specifically addressed the problem and held:

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

*See also United States v. Garner*, 529 F.2d 962, 971 (6th Cir. 1976); *United States v. Chrane*, 529 F.2d 1236, 1238 (5th Cir. 1976).

■ In *State v. Leeman*, 291 A.2d 709 (Me.1972), we adopted the following test to determine under what circumstances one crime is necessarily included in another:

"To be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without having committed the lesser."

*Id.* at 711, *quoting* Orfield, 5 Criminal Procedure Under the Federal Rules, § 31.12. *See also Little v. State*, 303 A.2d 456, 458 (Me.1973); *Bessey v. State*, 297 A.2d 373, 375 (Me.1972).

■ Applying the principles enunciated in *Blockburger* and *Leeman, supra*, to the facts of this case, it is clear that the petitioner's constitutional rights have not been abridged by his dual convictions.

17 M.R.S.A. § 201 defines the offense of assault and battery in the following terms:

"Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery."

Robbery is defined by 17 M.R.S.A. § 3401 as follows:

"Whoever, by force and violence or by putting in fear, feloniously steals and takes from the person of another property that is the subject of larceny is guilty of robbery . . . ."

An essential element of the crime of assault and battery is the unlawful touching of the person of another. Robbery, on the other hand, may be accomplished without any such touching. Conversely, to prove robbery the State must demonstrate the existence of a specific intent to steal, an element foreign to the crime of assault and battery. As the Justice below stated: "The two offenses are separate and distinct." *Accord State v. Chernick*, 278 S.W.2d 741, 746 (Mo.1955); *Allen v. Raines*, 360 P.2d 949, 952 (Okl.Cr.App.1961); *Martin v. State*, 77 Ga.App. 297, 48 S.E.2d 485, 488 (1948).

The authorities cited by the petitioner are unpersuasive.

In *State v. Wines*, 47 N.J.Super. 235, 135 A.2d 543, 544 (1957), the Court reversed a conviction for assault with intent to rob, where the defendant had also been convicted of armed robbery which "was the end result of [a] single occurrence" where "the alleged assault was an integral part . . of the robbery." *Wines* did not, however, involve a situation in which the defendant committed an independent battery upon his victim during the course of the robbery.

1. Article I, Section 8 of the Maine Constitution contains a similar prohibition: "No person, for the same offence, shall be twice put in jeopardy of life or limb."

*People v. Logan*, 41 Cal.2d 279, 290, 260 P.2d 20, 26 (1953), is also inapposite. In *Logan* the defendant struck his victim for the purpose of robbing her. The Supreme Court of California reversed the defendant's conviction of assault with a deadly weapon, stating that

"[t]he one act of inflicting force with the bat cannot both be punished as assault with a deadly weapon and availed of by the People as the force necessary to constitute the crime of robbery . . . ."

260 P.2d at 26. While a preliminary analysis of the *Logan* decision would appear to support the petitioner's position, the decision in that case was actually premised on the existence of a statute specifically prohibiting a single act from being the basis of conviction for more than one offense. *See Ex parte Chapman*, 43 Cal.2d 385, 273 P.2d 817, 819 (1954).

In the instant case neither information charged an "assault with intent to rob." 17 M.R.S.A. § 3402. Thus, neither an assault nor an assault and battery was included in the information charging robbery. We are mindful of the fact that the agreed statement on which the matter was submitted to the single Justice recited that both offenses arose "from the same incident and same occurrence." The defendant in his brief argues:

"Clearly, the information transcript dated April 25, 1974, indicates that if the Appellant was tried on both the Assault and Battery (High and Aggravated) and Robbery offenses, the proof to be introduced by the State would indeed be similar if not the same in both cases. (See Transcript, Pages 6 and 13)."

The transcript dated April 25, 1974, is of the proceedings when the defendant entered guilty pleas in accordance with Rule 11(a), M.R.Crim.P. On page 6 above referred to, the County Attorney describes the defendant's conduct as follows:

"If the State were obliged to go to trial on these, that is 4680, Kenneth Newell charging robbery, and 4682 against Mavel Bragg charging robbery, we would call Gary Thomas of Knox to the stand. He would testify about 7:00 P.M. on January 23, 1974, while he was milking his cows in his farm on the Knox Ridge Road in Knox, Waldo County, Maine, the Defendant, Kenneth Newell, who was known to him, entered his yard asking for something to eat. Defendant Mavel Bragg, also known to Thomas was at that time in Thomas' yard. Thomas would further testify upon entering Thomas' house, that Newell [demanded[2]] that Thomas give him money threatening injury to him. Newell hit him with his fist and broke his glasses. Subsequently, Bragg also entered the house. Both Defendants threatened Thomas with physical injury and did, in fact, hit him with their fists and feet. Thomas would testify that the Defendants demanded that he give them money and by threats and violent action, he put Thomas in fear, took from Thomas a quantity of money, $371, and took about three hundred pounds of meat. The Defendants compelled Thomas to carry the meat from his freezer to their car in the yard. There were more facts relating more to the assault than to the robbery."

With reference to the assault and battery plea, the Rule 11(a) record at page 13 discloses the following:

"THE COURT: Alright, will the County Attorney tell the Court what the State is prepared to prove against Mr. Newell in the event the assault and battery, high and aggravated, were to be tried?

[COUNTY ATTORNEY]: Yes, your Honor. I concluded a statement regarding the alleged larceny saying the Defendant compelled Thomas to carry the meat from his freezer to their car in Thomas' yard. He would testify, Gary Thomas would, that they closed the lid of the freezer chest on Thomas' head while he was removing the meat injuring his

2. In transcribing the prosecutor's statement, the court reporter obviously omitted an appropriate verb. Bearing in mind the incomplete sentence in the context of the entire statement, we have added in brackets what we deem to be the missing verb.

face and head for which injuries corrective surgery was required. He would further testify that the Defendants then took him in their car, and after going some four or five miles from his home, let him out on the side of Route 137. He then walked to his brother's home located near his own home. From there he was taken to Thayer Hospital, Waterville, where he was confined for a week."

Our purpose in quoting verbatim from the record is to make it clear beyond doubt that the two offenses, although occurring at the same time, had independent factual origins. Closing the lid of the freezer chest on the victim's head was unrelated to the robbery which had, in large part, been consummated before this assault and battery occurred.

We conclude that the defendant's appeal is without merit.

The entry is:

Appeal denied.

All Justices concurring.