**STATE of Maine**

v.

**Thomas THURLOW.**

Supreme Judicial Court of Maine.

May 31, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Jody Sataloff, Asst. Dist. Atty., Portland, for plaintiff.

Thompson, Willard & McNaboe by Paul G. Vielmetti (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

WERNICK, Justice.

A two count indictment returned on February 9, 1977 in the Superior Court (Cumberland County) charged defendant Thomas Thurlow with the offense of aggravated assault (17–A M.R.S.A. § 208(1)(B)) and with reckless conduct with the use of a dangerous weapon (17–A M.R.S.A. §§ 211, 1252(4)). Tried before a jury in July 1977, defendant was found guilty of "assault", not aggravated, and guilty of reckless conduct with a dangerous weapon.

We deny defendant's appeals from the judgments of conviction.

The evidence supports jury findings of the following facts.

On January 13, 1977, Detectives Wark and DeRice of the Portland Police Department observed defendant operating an automobile south on Forest Avenue in Portland. Having learned that a warrant for defendant's arrest was outstanding, the officers followed the automobile. When, because of icy conditions, defendant pulled to the side of the road to permit oncoming traffic to pass, the officers brought their cruiser to a stop, alighted from it and approached defendant's car. Detective Wark knocked on the window on the driver's side of defendant's vehicle, told defendant that there was a warrant for his arrest and asked him to step outside. When defendant did not comply with his request, Detective Wark started to open the door on the driver's side. Defendant then accelerated the vehicle in an effort to drive away. The acceleration produced sufficient motion so

that the door struck Detective DeRice who had taken a position nearby. The contact caused DeRice to slip on the ice and slide partially underneath defendant's vehicle. While DeRice was lying prone on the ground with his head and shoulders under the car, defendant continued to accelerate his automobile in an attempt to drive away. Fortunately, because of the ice, defendant's efforts caused only a spinning of the tires and a fishtailing of the vehicle in a forty-five degree angle. All of this time Detective Wark had been trying to wrestle defendant out of the vehicle. While the wheels of defendant's vehicle were spinning, Detective DeRice managed to scramble to a position of safety. He then drew his revolver and ordered defendant out of his car.

The indictment against defendant charged:

"Count I:

"That on or about the thirteenth day of January, 1977, . . . defendant . . . did recklessly cause bodily injury by means of a deadly weapon, namely, a car *door*, to Peter DeRice. (emphasis supplied)

"Count II:

"That on or about the thirteenth day of January, 1977, . . . defendant . . . did with the use of a dangerous weapon, namely, *an automobile*, recklessly create a substantial risk of serious bodily injury to Peter DeRice by attempting to drive forward in the said automobile while the head of the said Peter DeRice was lying on the ground between the front and rear wheels of the said automobile." (emphasis supplied)

Defendant contends that the Justice who presided at trial erred in authorizing the submission of both counts of the indictment to the jury. This was error, says defendant, because the evidence showed that the two charges were derived by artificially breaking down a single unitary act of the defendant into parts.[1]

---

1. Defendant acknowledges that a single unitary act may constitute a violation of several criminal statutes and that each such offense may be punished separately, see, e. g., *Newell v. State*,

We disagree.

Even if defendant's conduct may have occurred in continuous time sequence, it was not a single unitary act but was a succession of acts which defendant had power to start and stop and which, therefore, may fairly be characterized as separate and distinct. The aggravated assault charge, pursuant to which defendant was convicted of simple assault, rested on defendant's act of accelerating the vehicle and causing its *door*—the door being treated as the dangerous weapon—to strike Detective DeRice, thereby knocking DeRice to the ground. Defendant's activity in continuing thereafter to accelerate while DeRice was lying under the vehicle and Detective Wark was attempting to prevent any acceleration, *because defendant was physically able to refrain from it*, constituted a distinct criminal act in time as well as in the nature of the conduct. Insofar as this separate and distinct act was made the gravamen of the charge of reckless conduct with the use of a dangerous weapon, the prosecution's conception was that defendant had used the *vehicle itself* as a dangerous weapon after defendant had engaged in the separate and distinct conduct which caused the *door* to push Detective DeRice to the ground and on which the assault charge was predicated.

■ Having decided that the two charges against defendant were based on separate and discrete acts by defendant, we address defendant's claim that the jury's verdict finding defendant guilty of "assault", not aggravated is inconsistent with its verdict that defendant was guilty of "reckless con-

duct with the use of a dangerous weapon." Defendant's position is that such verdict shows that the jury arrived at the contradictory conclusions that defendant both did, and did not, use a dangerous weapon.

The argument is unsound.

The two counts of the indictment refer to different dangerous weapons—the first count treating the vehicle's door, and the second count the entire vehicle, as the dangerous weapon. The assault verdict shows that the jury concluded that defendant was not using the vehicle's door as a dangerous weapon; it was happenstance that the door struck DeRice and knocked him to the ground. This conclusion is not in conflict with a finding relative to the reckless conduct charge of Count II that defendant's *subsequent continued* acceleration of the vehicle, while DeRice lay on the ground underneath the vehicle, constituted a *use* by defendant of the *entire vehicle* as a dangerous weapon.[2] We conclude that the two verdicts are logically and legally consistent. See *State v. Upton*, Me., 362 A.2d 738 (1976).

The entry is:

Appeals denied; judgments of conviction affirmed.

DELAHANTY and NICHOLS, JJ., did not sit.

Me., 371 A.2d 118, 119 (1977) and appropriate cases cited therein. He contends, however, that this is different from dividing a single unitary act into component parts to charge several crimes. Because we have rejected the factual premise of defendant's argument, we express no opinion regarding the validity, or invalidity, of defendant's claim that the State may not artificially divide a single act into sub-parts for the purposes of charging, and obtaining conviction of, a plurality of offenses.

Defendant makes essentially the same argument to support his further claim that reckless conduct with a dangerous weapon is a lesser included offense within the charge of aggravated assault when charged under § 208(1)(B) of the Criminal Code. In view of our conclusion

that, here, the two charges were based on separate and distinct acts, we need not reach this further contention of defendant relating to multiple convictions for a greater and a lesser included offense as deriving from the same single unitary act. See *Newell v. State*, Me., 371 A.2d 118, 121 (1977); *State v. Inness*, 53 Me. 536, 538 (1866).

2. · Since Detective Wark had himself opened the door of defendant's vehicle, the evidence supports the conclusion that *defendant* did not *use* the door as a dangerous weapon. The verdicts thus indicate a careful exercise of judgment by the jury and the jury's understanding of the pertinent factual and legal distinctions.