STATE of Maine

v.

**Russell LUCE, Jr.**

Supreme Judicial Court of Maine.

Nov. 16, 1978.

James W. Gallagher, Asst. Dist. Atty. (orally), Wiscasset, for plaintiff.

Miller & Davidson by R. James Davidson (orally), Waldoboro, for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ., and DUFRESNE, A. R. J.

ARCHIBALD, Justice.

The defendant was convicted of criminal trespass, 17–A M.R.S.A. § 402, following a jury trial and has appealed.

We sustain the appeal.

The defendant was originally indicted for burglary, 17–A M.R.S.A. § 401. Tried before a jury, he moved for acquittal at the close of the evidence. The presiding justice granted the motion with respect to the charge of burglary but proceeded to instruct the jury on the "lesser included offense" of criminal trespass. Although he did not object to the instruction given, the defendant now asserts that criminal trespass is not a lesser included offense within the more serious crime of burglary.

We agree.

The Maine Criminal Code, 17–A M.R.S.A. §§ 1–1357, does not provide a definition of "lesser included offense." See 17–A M.R.S.A. § 13. We, therefore, continue to rely upon the definition we adopted in

State v. Leeman, Me., 291 A.2d 709, 711 (1972), namely:

> To be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater [as legally defined] without having committed the lesser [as legally defined].

See Newell v. State, Me., 371 A.2d 118, 119 (1977). Although both Leeman and Newell were decided before the effective date of the Maine Criminal Code (May 1, 1976), we have since applied the Leeman rule to a crime defined by the code. See State v. Snow, Me., 383 A.2d 1385, 1389 (1978).

Contrary to appellant's assertion, however, Leeman has never stood for the proposition that all possible methods of proving a greater offense must contain the elements of the lesser offense. We stated in Leeman our reliance upon the State's assertion within the indictment of the particular subdivision of the general offense.

> Here, the State has chosen to claim conduct which it argues alleges violation of the statutes forbidding excessive speed and driving to the left at intersections. Following the course of reasoning we have been discussing, we hold that the charge of a violation of Section 1316 as here alleged is not necessarily included in the charge of a violation of Section 1315.

291 A.2d at 712 (emphasis supplied). Within a footnote we further explained this holding:

> As we have indicated, we say 'as here alleged' because in the case of the unique statute we are considering, the elements of section 1316 can be determined only by ascertaining from the indictment which motor vehicle statute the State alleges was violated with resultant death.

Id., 712 n. 7.

The uniqueness of 29 M.R.S.A. § 1316 of which we spoke in Leeman has dissipated with the adoption of the Maine Criminal Code. The Criminal Code sets forth several crimes defined in such a manner that engaging in more than one unique form of activity will supply the essential elements

of the generic crime.[1]   Only by resort to the indictment can the particular type of conduct be ascertained that the State asserts constitutes a code violation.

■■■  As we stated in *Leeman,* it is not necessary that *every distinct, defined method* of committing a single greater offense include every element of the lesser offense. The indicted offense will include a lesser offense whenever the State has alleged within its indictment (or information) a particular, *defined* manner of committing the crime which *necessarily* includes acts that must necessarily also be engaged in to constitute the commission of a lesser offense, as that offense is *defined.*

In the instant case the indictment of the appellant for burglary[2] charged that the appellant

> did *enter into a dwelling place  .  .  . knowing* that he was not licensed or privileged to do so, with the intent to commit a crime, namely assault, therein.

(emphasis supplied).  The indictment, therefore, set forth a particular but defined method of committing burglary, by a knowing and unlicensed entry as opposed to surreptitiously remaining in the structure. One defined method of committing a criminal trespass is to knowingly make an unlicensed, or unprivileged, entry in *"secured premises."*[3]

■■■  Burglary requires only the entry of a *structure.  "Secured premises"* must be entered before a criminal trespass is committed.  *"Secured premises"* is defined as any dwelling place, any structure that is locked or barred, or any place from which persons may lawfully be excluded and which is posted in a manner prescribed by law or in a manner reasonably likely to come to the attention of intruders, or which is fenced or otherwise enclosed in a manner designed to exclude intruders. 17-A M.R.S.A. § 402(2).  *Structure* is defined as

> a building or other place designed to provide protection for persons or property against weather or intrusion, but does not include vehicles and other conveyances whose primary purpose is transportation of persons or property unless such vehicle or conveyance, or a section thereof, is also a dwelling place.

17-A M.R.S.A. § 2(24).

■■■  It is possible, therefore, for the *method* as alleged in the indictment of committing burglary *as defined* to occur without a criminal trespass as defined also necessarily occurring.  For example, if a structure that was not a dwelling place and was neither locked, barred, posted, nor fenced, were entered without license or privilege and with the intent to commit a crime, a burglary would be committed.  Since no entry would have been made into a *secured premises,* however, the burglar would not be simultaneously committing criminal trespass.  In short, by definition a *structure* is not necessarily secured premises.  Criminal trespass, therefore, is not a lesser included offense of the alleged burglary since it is possible to commit the alleged method of

---

1.  Examples of code offenses prohibiting different types of conduct characterized within one code generic crime are:
    17-A M.R.S.A. § 351 (Theft, which encompasses eight types of conduct)
    17-A M.R.S.A. § 254 (Sexual abuse of minors—two types of conduct)
    17-A M.R.S.A. § 255 (Unlawful sexual contact—five types of contact)
    17-A M.R.S.A. § 253 (Gross sexual misconduct—eight types of conduct)
    17-A M.R.S.A. § 401(1) (Burglary—two types of conduct).

2.  17-A M.R.S.A. § 401(1):
    A person is guilty of burglary if he [1] *enters or* [2] *surreptitiously remains* in *a structure,* knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.  (emphasis supplied)

3.  17-A M.R.S.A. § 402(1):
    1.  A person is guilty of criminal trespass if, *knowing* that he is not licensed or privileged to do so:
    A.  *He enters in any secured premises;*
    B.  He remains in any place in defiance of a lawful order to leave which was personally communicated to him by the owner or other authorized person; or
    C.  He enters in any place in defiance of a lawful order not to enter which was personally communicated to him by the owner or other authorized person.
    (emphasis supplied)

burglary *as defined* without necessarily committing the lesser offense of criminal trespass *as defined.*

 We are mindful of the State's allegation within its indictment of an entry into a *dwelling place,* which is by definition a *secured premises.* 17–A M.R.S.A. § 402(2). The legal definition of the crime, however, is the exclusive measure of whether the greater offense includes the lesser. *State v. Snow, supra; State v. Leeman, supra.* Although an indictment, as in this instance, charges elements of the lesser offense not included within the method of the greater crime *as defined* and thereby fully sets forth all the essential elements of the lesser crime *as defined,* the lesser offense is not an *included* offense. One must look to the legal definition of the greater offense and find *all* the essential elements of the lesser offense before correctly concluding that the lesser offense is *necessarily included.*

 Within Section 401(1)(B) burglary of a *dwelling place* is made a Class B crime. We have held that facts which define the severity of an offense are not *elements* of the crime. *State v. Davenport,* Me., 326 A.2d 1, 8–9 (1974). Although the prosecution should plead the matters that affect the severity of the offense, those additional matters do not establish the parameters of the offense nor define the basic crime with respect to what is necessarily included therein. *Id.*

 Since criminal trespass is not a lesser included offense of burglary, the indictment of the appellant for burglary was insufficient to set forth the crime of criminal trespass. After dismissal of the burglary charge, the jurisdiction of the court ceased because no crime remained within the indictment. *See State v. Davenport,* Me., 326 A.2d 1, 9 (1974); *State v. Scott,* Me., 317 A.2d 3, 5 (1974); *State v. Nelson Freightways, Inc.,* Me., 309 A.2d 125, 127 (1973). The presiding justice, therefore, was in error in allowing the question of criminal trespass to go to the jury. That the appellant did not object to the instruc-

tion is irrelevant since the issue of jurisdiction or failure of the indictment to charge an offense is never waived. M.R.Crim.P. 12(b)(2).

The entry is:

Appeal sustained.

McKUSICK, C. J., and POMEROY and GODFREY, JJ., did not sit.

DUFRESNE, A. R. J., sat by assignment.