## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY JOHNSON, PLAINTIFF IN ERROR.

Argued November 10, 1905—Decided February 26, 1906.

1. An indictment under section 193 of the act to regulate elections (*Pamph. L.* 1898, *p.* 237) which, as applied to primary elections under section 33 of the primary election supplement (*Pamph. L.* 1903, *p.* 603), is not open to attack on the ground that section 193, making it a misdemeanor to take and carry into a polling place intoxicating liquors, is invalid as not being within the title of the act.

2. The act and supplement both held to be constitutional, following the decision of this court in *Hopper* v. *Stack,* 40 *Vroom* 562.

3. Where a witness for the state had failed to identify the liquor drunk in the election booth as beer, he was then asked if he had not testified before the grand jury that it was beer. The witness was permitted to answer over objection affirmatively that he did. *Held*, that this was not error, the ruling being within the trial judge's discretion.

4. Nor was there error in permitting the witness to testify, over objection, that someone engaged in drinking the liquor called it "good beer," it appearing that the defendant was present at the time.

On error to Atlantic Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff in error, *John C. Reed* and *Gilbert Collins*.

For the state, *Edward D. Duffield,* assistant attorney-general.

The opinion of the court was delivered by

HENDRICKSON, J.  The defendant was convicted in the Atlantic Quarter Sessions upon an indictment charging him with having, on, &c., at, &c., knowingly, willfully and unlawfully taken and carried into the polling place of the second precinct of the second ward of Atlantic City, where a primary election was then being held for delegates to the state and county conventions, &c., and with having, in the presence of the voters, placed upon the table, near the ballot-boxes, spirituous, vinous, malt and intoxicating liquors, contrary, &c.  The indictment was based upon section 193 of the Election law (*Pamph. L.* 1898, *p.* 237), which is, by section 33 of the primary election supplement (*Pamph. L.* 1903, *p.* 603), made applicable to primary elections.

The defendant, by his writ of error, has caused the entire record of the trial to be brought before us for review, and has assigned errors thereon and specified his grounds for reversal.  A motion to quash was made and denied before the

jury was sworn, and we are now asked to reverse the judg-
ment because of the alleged insufficiency of the indictment.
The grounds of the alleged infirmity of the indictment are,
*first,* that the Primary Election law of 1903 is unconstitu-
tional. The court has already sustained the constitutionality
of this act in *Hopper* v. *Stack,* 40 *Vroom* 562, and we will
follow that decision in this case; *second,* that section 33 of
that act violates the constitutional interdict against legisla-
tion by reference to an existing law. But the validity of the
act in this respect was also sustained in *Hopper* v. *Stack,*
*supra,* and that decision will govern. Nor do we think the
indictment invalid on the ground that it is not sufficiently
clear and specific.

An additional ground was raised that section 193 of the
act to regulate elections was not within the title of the act.
This is untenable. The plaintiff in error does not question
but that penal provisions may be inserted by way of sanction
in any law, but contends that the section here in question is
not fairly within the range of the subject-matter of the act.
But we think it is. For it is a provision plainly intended to
subserve the orderly conduct of an election. See 26 *Am. &
Eng. Encycl. L.* (*2d ed.*) 588.

Another ground of error alleged is that the court below
admitted illegal evidence. A witness for the state under ex-
amination had failed to identify the liquor drank in the
booth as beer. The witness was then asked "if he had not
testified before the grand jury that it was beer that was in
one or the other of the bottles." The witness was permitted
to answer over objections affirmatively that he did. The ob-
jections were that a party could not thus interrogate his own
witness, and that the question was leading. The learned trial
judge regarded the situation as one of surprise, and on that
ground admitted the question, as we think, rightly. 3 *Jones,
B. W., Ev.* 858. The allowance of a leading question was a
matter in the discretion of the court. There was no error in
the admission of the question objected to.

Nor was there error in permitting the same witness, over
objection, to testify that someone drinking the liquor called

it "good beer." This is objected to as hearsay. But the case shows that the defendant was present at the time. Whether the defendant heard this or not was a question for the jury. If he did hear, and was silent, his failure to disclaim was a circumstance for the jury. The legality of testimony of this character was settled by the Court of Errors and Appeals, in State v. Rosa, in a recent decision. The Chief Justice, in delivering the opinion of the court, cited, in support of the decision, *Donnelly* v. *State, 2 Dutcher* 601.

It is further urged that there was error in the refusal of the trial judge to direct an acquittal at the end of the whole case, counsel citing *Burnett* v. *State, 33 Vroom* 510, and *State* v. *Jaggers, 42 Vroom* 281, in support of the practice, but after an examination of the testimony, we think there was sufficient evidence to be submitted to the jury in support of the charge.

Nor do we find any error in the judge's charge to the jury. We do not find that the judge directed the jury that certain facts stated were in fact proven, but that he named certain facts only as circumstances relied upon by the state in support of the charge. There was no error in this. The result is that the judgment below must be affirmed.