THE STATE v. HENRY MARTIN VOORHEES, PROSECUTOR.

Submitted March 20, 1913—Decided June 9, 1913.

Under the provisions of the statute of 1911 (*Pamph. L., p.* 276), the authorization by the county clerk, who is the designated authority to decide, to print a certain number of sample ballots is clear, and any excess is beyond the authority of the proper official, and constitutes a crime.

On *certiorari.*

Before Justices TRENCHARD, PARKER and VOORHEES.

For the prosecutor, *George H. Large.*

For the state, *Richard S. Kuhl,* prosecutor of the pleas.

The opinion of the court was delivered by

VOORHEES, J. The indictment returned by writ of *certiorari* issued at the instance of the defendant charges that the defendant fraudulently and unlawfully printed and made three thousand nine hundred official sample ballots without being authorized by a proper officer, and asks that the indictment be set aside because it does not charge and is not based upon any statute, making it a crime to print more sample ballots than may be ordered. We think that a crime is charged. Section 59 of the act (*Pamph. L.* 1911, *p.* 317) requires the county clerk to furnish a sufficient number of official sample ballots. Section 68 provides that no person not authorized by the proper official shall print or make any official or sample ballots or have in his possession any official ballot without being such person as is authorized to have charge or possession thereof, and the sixty-ninth section makes it a misdemeanor to violate any provision of the act.

The authorization by the county clerk, who is the designated authority to decide, to print a certain number of sample

ballots is clear, and any excess is beyond the authority of the proper official, and constitutes a crime. I think this makes a good indictment and that it should not be set aside.

If there was a doubt about its validity, a motion to quash should fail. Indictments are not so treated unless it is plain that they are bad (*State* v. *Johnson,* 44 *Vroom* 199), but the defendant would then be left to demurrer, motion in arrest of judgment or writ of error. *Proctor* v. *State, 26 Id.* 472. The motion to quash must therefore be denied. The indictment will be remanded to the Court of Quarter Sessions of the county of Hunterdon, to be dealt with according to law.