139 N.J. Super. 593 (1976)
354 A.2d 693
STATE OF NEW JERSEY, PLAINTIFF,
v.
THE BANK OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
February 4, 1976.
*594 Mr. Brian Mulholland, Assistant Prosecutor, for plaintiff (Mr. Thomas Shusted. Camden County Prosecutor, attorney).
Mr. Edward A. Penberthy for defendant (Messrs. Brandt, Haughey, Penberthy & Lewis, attorneys).
WINGATE, J.C.C. Temporarily Assigned.
In this matter defendant has filed a waiver of trial by jury, to which has been annexed a letter of authorization from The Bank of *595 New Jersey, signed by the chairman of the board, W. Robert Davis, authorizing its counsel, Edward A. Penberthy, to waive a jury trial in behalf of defendant and to submit the matter to the court upon the agreed stipulation of facts. Additionally, both the prosecutor and defense counsel have agreed to submit the matter to the court upon the respective briefs already filed without the necessity of further argument. The stipulation of facts has been received into evidence, as has a certain check of The Bank of New Jersey dated April 5, 1973 in the amount of $1,000 payable to the Errichetti Campaign Committee.
Accordingly, the court has reviewed the matter, including the stipulation of facts and the briefs submitted, and has arrived at the following conclusions.
This matter comes before the court, without a jury, upon an indictment that charges defendant The Bank of New Jersey (hereinafter "bank") with the illegal payment or contribution of $1,000 by the purchase of tickets in order to aid or promote the election of a certain Angelo J. Errichetti who was then a candidate for the office of mayor of the City of Camden, contrary to the provisions of N.J.S.A. 19:34-45. This statute, in brief, provides that "no * * * bank * * * shall pay or contribute money or thing of value in order to aid or promote the nomination or election of any person * * *."
A statement of stipulated facts was entered into by the parties and it is upon this and the legal issues and arguments raised by defendant bank that this court must reach its determination.
In substance the stipulation is that in May 1973 an election was held in Camden for the office of the mayor. An officer of the bank agreed to purchase ten tickets to a certain reception and dinner. A check of the bank was issued in the amount of $1,000 payable to the Errichetti Campaign Committee, and the function was attended by officers of the bank.
*596 Defendant seeks a judgment of acquittal and advances a series of arguments in support thereof with which the court will now deal.
First, that the purchase of the tickets and attendance at the dinner was not prohibited by the statute, N.J.S.A. 19:34-45. Defendant argues that § 45 does not proscribe the purchase of tickets, pointing to § 44 which deals specifically with the solicitation of the purchase of tickets, and § 32 which prohibits insurance companies from making contributions "directly or indirectly," whereas § 45 only generally forbids the payment or contribution of money or thing of value in order to aid or promote the election of any person.
Thus, the question is raised whether the purchase of tickets to a political reception and dinner is a payment or contribution to aid or promote the election of a person within the scope of the statute. Two significant facts are in the stipulation, namely, the price of the tickets was $100 each, and payment for them was by check payable to "Errichetti Campaign Committee". In determining whether a statute meets the standards of clarity and narrowness (specificity) one of the tests is whether it is susceptible to objective measurement by men of common intelligence. State v. Profaci, 56 N.J. 346 (1970). In interpreting and defining a statute a court cannot ignore the well known facts of our social or public way of life. Receptions and dinners are not commonplace events at a price of $100 a ticket. Likewise, when payment for these is made to a campaign committee any reasonable person would know and understand that the proceeds were for the purpose of aiding or promoting the election of a person, particularly when the name of that person is appended to the campaign committee to whom payment was made, i.e., "Errichetti Campaign Committee." A reasonable interpretation of these two facts can lead only to the inescapable conclusion that this was a payment of money prohibited by the statute. The statute is abundantly clear and its application to this case needs no further interpretation *597 or explanation. Men of common intelligence would have no difficulty in understanding this. State v. Profaci, supra.
Second, it is urged that N.J.S.A. 19:34-1 is not a general penalty statute applicable to N.J.S.A. 19:34-45; that if N.J.S.A. 19:34-1 is so intended, then it is unconstitutional because it embraces more than one object, namely, false registration and a general penalty clause applicable to all of the election statutes; that N.J.S.A. 19: 34-1 cannot be a general penalty clause because this object is not stated in the language of the title; that since the penalty is in the last clause of the last sentence of a four-paragraph section of the article dealing with "False Registration or Transfer; Penalties," it is not clearly provided or stated as is required of such statutes, and, finally, if N.J.S.A. 19:34-1 is not a valid penalty clause, then N.J.S.A. 19:34-45 is without a penalty clause so that a violation thereof could not be a crime.
The issue of the validity of N.J.S.A. 19:34-1 as a general penalty clause for sections of Title 19, "Elections" apparently has never been previously raised. It was not an issue in State v. Malone, 13 N.J. Super. 510 (Cty. Ct. 1951), aff'd 16 N.J. Super. 383 (App. Div. 1951), although apparently assumed by the trial court to be such a general penalty clause. Likewise, in the matter of In re Ringwood Fact Finding Comm., 65 N.J. 512 (1974), where the issue involved was whether a prosecutor could be directed by the court to submit an alleged Election Law violation to the grand jury. The alleged violation was of N.J.S.A. 19:34-38.1 requiring a statement of the name and address of the person printing or publishing or advertising in connection with an election. That section contains no penalty clause. However, Ringwood clearly indicates that a violation of this statute was a proper subject matter for the prosecutor to submit to the grand jury for possible prosecution, as mandated under N.J.S.A. 19:34-62. Since no penalty clause was contained in N.J.S.A. 19:34-62, it is obvious that *598 the penalty in N.J.S.A. 19:34-1 would have to be invoked to justify criminal proceedings. Apparently, this was not an issue in Ringwood, but was assumed.
Defendant urges that N.J.S.A. 19:34-1 violates N.J. Const. (1947) Art. IV, § VII, par. 4, because it embraces two objects, "False Registration or Transfer; Penalties." However, defendant loses sight of the fact that N.J.S.A. 19:34-1 is not a separate statute but rather only a part of a comprehensive act, to wit, "An Act to Regulate Elections," L. 1930, c. 187, as amended and supplemented. Bucino v. Malone, 12 N.J. 330 (1953). Thus, the various articles and sections of Title 19 are not separate legislative acts, but rather a part of a comprehensive statute enacted under the general title of "An Act to Regulate Elections." (See the provisions of N.J.S.A. 1:1-5 et seq.)
Viewed in this light, the question may then be approached as to whether it embraces more than one object with the inclusion of a general penalty clause in N.J.S.A. 19:34-1 and the prohibited acts in N.J.S.A. 19:34-45. Since the title is "An Act to Regulate Elections," then all provisions of the act that are in furtherance of that purpose are necessarily valid. The title of an act is a label, not an index. It is unnecessary, and in fact undesirable, for a title to give a resume of the provisions of the act. Courts have repeatedly upheld statutes with very broad titles. Bucino v. Malone, supra. See Painter v. Painter, 65 N.J. 196 (1974). Reference to such acts will disclose that many include penalties and criminal sanctions for violation of their provisions. It is a well established doctrine that penal provisions may be inserted by way of sanction in any law when it is within the range of the subject matter of the act. State v. Johnson, 73 N.J.L. 199 (Sup. Ct. 1906). The court therefore concludes that N.J.S.A. 19:34-1 is a general penalty that applies to violations of N.J.S.A. 19:34-45.
For the reasons above stated a judgment of conviction will be entered.